(No. 83244.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. FRANK WILLIAMS, Appellant.

*Opinion filed February 19, 1999.—Rehearing denied March 29, 1999.*

RATHJE, J., took no part.

FREEMAN, C.J., and HARRISON, J., concurring in part and dissenting in part.

Timothy M. Gabrielsen, Assistant Defender, of Springfield, and Dawn D. Durante, of Itasca, both of the Office of the State Appellate Defender, for appellant.

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee Goldfarb and Janet Powers Doyle, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:
The defendant, Frank Williams, appeals from a Cook

County circuit court order dismissing his amended post-conviction petition without an evidentiary hearing. Because defendant was sentenced to death, this court has jurisdiction over the instant appeal pursuant to Supreme Court Rule 651(a). 134 Ill. 2d R. 651(a). For the following reasons, we now affirm the circuit court.

## BACKGROUND

The facts in this case are adequately set forth in this court's opinion on defendant's direct appeal, and only a brief summary of the facts is necessary here. Anthony Cole and Michelle Brueckmann, defendant's former fiancée, were leaving Brueckmann's home when defendant emerged from behind a van and screamed, "I told you I was going to kill you when I saw you together." Defendant shot Cole, and Cole fell to the ground. Defendant then shot Brueckmann in the head, and shot Cole again as Cole tried to flee. The police arrested defendant at his sister's home and recovered a .38-caliber revolver from defendant's jacket. Subsequent testing revealed that this gun fired the bullet removed from Cole's body. While in custody, defendant gave an oral statement in which he admitted he shot Cole and Brueckmann because he was upset after seeing them together at a shopping mall.

A jury in the circuit court of Cook County convicted defendant of, *inter alia*, the murder of Michelle Brueckmann and the attempted murder of Anthony Cole. Defendant waived a jury for sentencing. The trial court found defendant eligible for the death penalty based on the cold, calculated and premeditated manner of the murder (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(b)(11)), and sentenced defendant to death. This court affirmed defendant's conviction and death sentence on direct appeal (*People v. Williams*, 173 Ill. 2d 48 (1996)), and the United States Supreme Court denied defendant's petition for writ of *certiorari*. *Williams v. Illinois*, 520 U.S. 1122, 137 L. Ed. 2d 339, 117 S. Ct. 1260 (1997).

Defendant subsequently filed a *pro se* post-conviction petition in which he alleged: (1) his trial counsel was ineffective for failing to obtain the assistance of a blood-type expert to type the blood on Brueckmann's clothing; (2) his trial and appellate counsel were ineffective for failing to challenge the chain of custody of the bullet removed from Cole's body; and (3) his appellate counsel was ineffective for failing to challenge on direct appeal the prosecutor's comment during closing argument that certain blood spatters were inconsistent with defendant's version of events. The circuit court appointed Ernest DiBenedetto as defendant's post-conviction counsel. DiBenedetto filed an amended post-conviction petition which included a fourth claim: defendant's trial counsel was ineffective for failing to "retain the services of a mitigation specialist in ample time to allow for a full and complete investigation and presentation of factors in mitigation." No affidavits were attached to the amended post-conviction petition.

The circuit court granted the State's motion to dismiss the amended post-conviction petition, holding the allegations in the petition were frivolous and technically without merit. The circuit court also held that defendant's claim regarding the mitigation specialist was barred by *res judicata.*

## ANALYSIS

Defendant raises only one argument on appeal. Defendant argues his post-conviction counsel failed to comply with Supreme Court Rule 651(c) by not supporting the claims in the amended post-conviction petition with affidavits or other evidence.[1] This court reviews the dismissal of a post-conviction petition without an eviden-

---

[1]Defendant also contends his appointed counsel failed to file a proper affidavit certifying his compliance with Rule 651(c). Unlike other supreme court rules, however, the certificate requirement in Rule 651(c) is not a rule of strict compliance. Counsel's failure to

tiary hearing *de novo. People v. Coleman*, 183 Ill. 2d 366, 378 (1998).

It is well established that a defendant has no constitutional right to counsel in post-conviction proceedings. *People v. Johnson*, 154 Ill. 2d 227, 237 (1993); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 546, 107 S. Ct. 1990, 1993 (1987). Counsel for indigent capital defendants who file *pro se* post-conviction petitions, however, is provided by statute. 725 ILCS 5/122—4 (West 1996); see also 134 Ill. 2d R. 651(c). Rule 651(c) establishes the level of assistance appointed counsel must provide to post-conviction petitioners. Rule 651(c) provides in relevant part:

"The record filed in [the circuit] court [in post-conviction proceedings] shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

Rule 651(c) does not require that defendants receive the same level of assistance of counsel that the Constitution guarantees to defendants at trial, but it does require counsel to provide a "reasonable level of assistance" in post-conviction proceedings. (Emphasis omitted.) *People v. Owens*, 139 Ill. 2d 351, 364 (1990).

In *People v. Johnson*, 154 Ill. 2d 227 (1993), this court held that post-conviction counsel has no obligation under Rule 651(c) to locate witnesses not specifically identified

---

file an affidavit certifying compliance with Rule 651(c) is harmless error if "the record demonstrates that counsel adequately fulfilled his duties as post-conviction counsel." *People v. Johnson*, 154 Ill. 2d 227, 238 (1993), citing *People v. Szabo*, 144 Ill. 2d 525 (1991). Therefore, the paramount consideration in this appeal is whether defendant's post-conviction counsel failed to provide the level of assistance required by Rule 651(c).

by the petitioner or to conduct an investigation to discover the identity of witnesses who would provide evidence to support a claim in the post-conviction petition. *Johnson*, 154 Ill. 2d at 247-48. In *Johnson*, we noted:

> "While post-conviction counsel has an obligation to present a *petitioner's claims* in appropriate legal form, he is under no obligation to actively search for sources outside the record that might support general claims raised in a post-conviction petition. The petitioner has the obligation to inform counsel with specificity of the identity of witnesses who should have been called in his defense. The petitioner also has an obligation to inform counsel generally of the information which such witnesses might have offered at trial or the sentencing hearing. Upon receipt of such information, counsel has an obligation to attempt to contact those witnesses who might provide information needed to support a potentially meritorious claim raised in the post-conviction petition. Counsel has no obligation, however, to engage in a generalized fishing expedition in search of support for claims raised in a petition." (Emphasis in original.) *Johnson*, 154 Ill. 2d at 247-48.

Applying these principles to the instant appeal, defendant's post-conviction counsel clearly had no obligation to seek out a blood-type expert or to conduct a fishing expedition for evidence regarding the chain of custody of the bullet removed from Anthony Cole's body. Defendant, not his appointed post-conviction counsel, was responsible for providing this information, and the record is devoid of any indication that defendant provided this information to his post-conviction counsel. Similarly, defendant provided little if any evidence in his affidavit accompanying his *pro se* post-conviction petition to support his claim regarding the prosecutor's comments on blood spatters during closing arguments. Defendant merely averred in his affidavit that the blood spatter argument was more prejudicial than the record revealed because he observed several jurors nod in agreement when the prosecutor made this comment. This informa-

tion, however, was not necessary for an adequate presentation of petitioner's contention, and post-conviction counsel's failure to include it in the post-conviction petition was not unreasonable. Therefore we hold the failure of defendant's appointed post-conviction counsel to support the first three claims in the amended post-conviction petition with affidavits or other evidence did not fall below the reasonable level of assistance required by Rule 651(c).

We need not address whether defendant's post-conviction counsel had an obligation to procure affidavits from additional mitigation witnesses to support the fourth claim in the amended post-conviction petition because defendant's underlying claim regarding the retention of the mitigation specialist is barred by *res judicata*. A post-conviction petition "represents a collateral attack on a prior judgment; it is not an appeal from the underlying conviction and sentence." *People v. Ruiz*, 132 Ill. 2d 1, 9 (1989). As a result, in post-conviction proceedings the "[d]eterminations of the reviewing court on the prior direct appeal are *res judicata* as to issues actually decided." *People v. Griffin*, 178 Ill. 2d 65, 73 (1997). A post-conviction petitioner may not avoid the bar of *res judicata* simply by rephrasing issues previously addressed on direct appeal. See *People v. Franklin*, 167 Ill. 2d 1, 23 (1995); *People v. Emerson*, 153 Ill. 2d 100, 106-07 (1992) (where defendant's claim of ineffective assistance of counsel is addressed on direct appeal, similar argument with "changed phraseology" may not be relitigated in post-conviction proceedings). On direct appeal, defendant argued that the trial court abused its discretion when it denied defendant's request for a continuance to allow the mitigation specialist to complete his investigation and that defense counsel was ineffective for failing to renew his request for a continuance after filing an affidavit in which the mitigation specialist averred

that his investigation was incomplete. This court rejected both arguments. *People v. Williams*, 173 Ill. 2d 48, 91-93 (1996). Despite the mitigation specialist's claim that his investigation was incomplete, this court observed, "the record reveals that Dr. Savarese evaluated defendant's childhood, family history, health history, educational history, employment history, criminal and prison records." *Williams*, 173 Ill. 2d at 92. Based on this information, the mitigation specialist was able to present his expert opinion at sentencing regarding the cause of defendant's actions. *Williams*, 173 Ill. 2d at 92. Several other mitigation witnesses testified for defendant at sentencing, including defendant's neighbor, defendant's former girlfriend, two of defendant's sisters, and defendant's mother. *Williams*, 173 Ill. 2d at 92-93. In light of all this evidence, the court concluded on direct appeal, "[a]ny further evidence would likely have been cumulative." *Williams*, 173 Ill. 2d at 93.

Defendant's claim in the post-conviction petition that his trial counsel was ineffective for failing to retain the mitigation specialist early enough to give him sufficient time to complete his investigation is simply a rephrasing of the claim he presented on direct appeal. On direct appeal, defendant argued his trial counsel quit too soon, but now in these post-conviction proceedings defendant argues his trial counsel did not initiate the mitigation investigation soon enough. Both claims address the same alleged deficiency in trial counsel's performance, namely, trial counsel's failure to give the mitigation specialist sufficient time to complete his investigation. Therefore, we hold defendant's ineffective assistance of counsel claim is barred by *res judicata*.

Defendant argues that the doctrine of *res judicata* should be relaxed in this case, but the cases cited by defendant are easily distinguishable. In all three cases, defense counsel failed to present any meaningful mitigat-

ing evidence at sentencing. See *People v. Orange*, 168 Ill. 2d 138 (1995) (no mitigation witnesses); *People v. Thompkins*, 161 Ill. 2d 148 (1994) (defendant's wife only mitigation witness); *People v. Ruiz*, 132 Ill. 2d 1 (1989) (police officer who interrogated defendant only mitigation witness). In all three cases, defendants included substantial mitigating evidence in their post-conviction petitions which was not part of the record on direct appeal and did not duplicate evidence previously presented at sentencing. See *Thompkins*, 161 Ill. 2d at 166 (mitigating evidence presented in post-conviction petition not cumulative); *Ruiz*, 132 Ill. 2d at 26 (same). (No such analysis was necessary in *Orange* because no mitigation had been presented at sentencing in the first place.) In this case, however, defendant's trial counsel presented a substantial amount of mitigating evidence, and this court determined on direct appeal that, based on this record, any additional mitigating evidence would have been cumulative. *Williams*, 173 Ill. 2d at 93.

Unlike most capital cases, there was evidence in the record on direct appeal in this case which identified the witnesses who were not called at sentencing. At trial, defendant filed an affidavit from his mitigation specialist which identified a number of potential mitigation witnesses whom the mitigation specialist did not have time to interview. Based on this affidavit, and the substantial mitigating evidence defendant presented at trial, this court held defendant's trial counsel was not ineffective for failing to seek additional time to enable the mitigation specialist to complete his investigation. *Williams*, 173 Ill. 2d at 91-93. Defendant insists that the testimony of the additional uninterviewed witnesses identified in the mitigation specialist's affidavit would not have been cumulative,[2] but this holding is precisely what the doctrine of *res judicata* bars defendant from challenging in

---

[2]Defendant's argument that the uninterviewed witnesses

his post-conviction petition. Thus, defendant's ineffective assistance of counsel claim in this case most closely resembles an ineffective assistance of counsel argument raised in successive post-conviction petitions. In such cases, this court has not hesitated to hold that relitigation of defendant's ineffective assistance of counsel claim is barred by *res judicata*. See *People v. Erickson*, 183 Ill. 2d 213, 224-26 (1998) (holding ineffective assistance of counsel claim raised in second post-conviction petition is barred by *res judicata* where defendant raised similar claim supported by different evidence in first post-conviction petition).

## CONCLUSION

For the reasons stated, the judgment of the circuit court of Cook County dismissing defendant's amended post-conviction petition without an evidentiary hearing is affirmed. The clerk of this court is directed to enter an order setting Wednesday, May 12, 1999, as the date on which the sentence of death entered in the circuit court of Cook County is to be carried out. The defendant shall be executed in the manner provided by law (725 ILCS 5/119—5 (West 1996)). The clerk of this court shall send a certified copy of the mandate in this case to the Director of Corrections, to the warden of Tamms Correctional Center, and to the warden of the institution where the defendant is now confined.

*Affirmed.*

JUSTICE RATHJE took no part in the consideration or decision of this case.

---

would not have presented cumulative testimony belies his own contention that no determination can be made regarding whether their testimony would have been cumulative.

CHIEF JUSTICE FREEMAN, concurring in part and dissenting in part:

I fully agree with the court's conclusion that the circuit court properly dismissed defendant's post-conviction petition without an evidentiary hearing. I do so without, however, departing from my view that the death penalty in this case is excessive, as pointed out in my dissent on direct appeal. See *People v. Williams*, 173 Ill. 2d 48, 95-100 (1996) (Freeman, J., dissenting). Because I am still of the opinion that a sentence other than death is appropriate in this case, I do not join in that portion of today's opinion which directs the clerk of the court to set a date of execution.

JUSTICE HARRISON, also concurring in part and dissenting in part:

Williams was convicted of first degree murder, attempted murder, and aggravated battery. I agree with the majority that Williams has no basis for challenging those convictions under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1996)). I also believe that we should not disturb the sentences imposed on Williams for attempted murder and aggravated battery. In my view, however, Williams' death sentence should not be allowed to stand. For the reasons set forth in my dissent in *People v. Bull*, 185 Ill. 2d 179 (1998), this state's present death penalty law does not meet the requirements of the eighth and fourteenth amendments to the United States Constitution (U.S. Const., amends. VIII, XIV) or article I, section 2, of the Illinois Constitution (Ill. Const. 1970, art. I, § 2). Accordingly, we should vacate Williams' death sentence and remand the cause to the circuit court for imposition of a sentence other than death.