THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JACK GANDY, Defendant-Appellant.

Fifth District    No. 5—02—0015

Opinion filed June 26, 2003.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James Creason, State's Attorney, of Salem (Norbert J. Goetten, Stephen E. Norris, and T. David Purcell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

Jack Gandy (defendant) appeals from the dismissal of his second petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)). On appeal, defendant, relying on *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), contends that his extended-term sentence of 50 years' imprisonment must be vacated because the extended-term sentencing statute violates due process by subjecting a defendant to increased penalties without providing notice or the right to a jury determination of the qualifying facts.

In 1988, under section 9—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 9—1(a)(1)), defendant was charged in Marion County with the June 1983 murder of Clarence Eugene Wilson. On November 15, 1989, following a bench trial, defendant was found guilty of murder, and on December 22, 1989, he was sentenced to an extended-term sentence of 50 years' imprisonment in the Department of Corrections.

On August 31, 1990, defendant filed a *pro se* postconviction petition. The petition alleged violations of his rights via perjured testimony, ineffective assistance of trial counsel, and newly discovered evidence. The State filed a motion to dismiss defendant's petition, stating as grounds therein that the allegations of the petition did not constitute any substantial denial of defendant's constitutional rights which had denied defendant a fair trial or had substantially affected the outcome of the trial, as required under the Act. The circuit court granted the State's motion to dismiss, following a hearing held on November 30, 1990. On direct appeal to this court, we consolidated defendant's direct appeal from the judgment and sentence imposed therein and defendant's appeal of the circuit court's order dismissing his *pro se* postconviction petition. Concerning the direct appeal, defendant alleged that he had been denied his constitutional right to confront witnesses when his trial counsel did not impeach the State's

main witness with a prior perjury conviction and that he had not been proved guilty beyond a reasonable doubt. Defendant also contended that the trial court had erred in finding that the offense had been accompanied by "brutal and heinous behavior indicative of wanton cruelty" (see Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2)). This court need not discuss the issues raised in his postconviction petition. This court affirmed the judgment and order. *People v. Gandy*, 227 Ill. App. 3d 112, 591 N.E.2d 45 (1992).

In *Apprendi*, which was decided on June 26, 2000, the United States Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[ ] and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. In the case at bar, at the time of defendant's offense, June 1983, murder was punishable by a determinate prison sentence of not less than 20 years and not more than 40 years (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(1)). If certain aggravating factors are found to be present, one of which is that if the felony was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2)), an extended prison term of not less than 40 years and not more than 80 years can be imposed. Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2(a)(1). On May 8, 2003, the Illinois Supreme Court in *People v. De La Paz* specifically found, "*Apprendi* does not apply retroactively to causes in which the direct appeal process had concluded at the time that *Apprendi* was decided." *People v. De La Paz*, 204 Ill. 2d 426, 429 (2003). In the case at bar, the direct appeal process had concluded at the time *Apprendi* was decided. Defendant also complains that he had not been put on notice of the final factor used to impose an extended term. In *United States v. Cotton*, 535 U.S. 625, 152 L. Ed. 2d 860, 122 S. Ct. 1781 (2002), the United States Supreme Court held that an *Apprendi* violation was not plain error because there was " 'no basis for concluding that the error "seriously affect[ed] the fairness, integrity[,] or public reputation of judicial proceedings." ' " *Cotton*, 535 U.S. at 633, 152 L. Ed. 2d at 869, 122 S. Ct. at 1786, quoting *Johnson v. United States*, 520 U.S. 461, 470, 137 L. Ed. 2d 718, 729, 117 S. Ct. 1544, 1550 (1997).

Defendant lastly contends that this court should reverse the circuit court's order dismissing his postconviction petition, because the record does not show that postconviction counsel amended the *pro se* petition for an adequate presentation of defendant's claims.

On November 29, 2000, defendant filed his *pro se* second petition for postconviction relief, which alleged that his sentence violated *Ap-*

*prendi.* On January 5, 2001, the court appointed Michael McHaney to represent defendant. On January 9, 2001, McHaney filed an entry of appearance. On January 11, 2001, as a supplement to the order of January 5, 2001, the court found that the petition of defendant was not patently frivolous or without merit. On January 30, 2001, the State filed a motion to dismiss the petition. The motion alleged that the petition was untimely and that *Apprendi* should not be applied retroactively.

At a hearing on February 14, 2001, McHaney stated that he had briefly spoken with defendant and that he was requesting additional time to review the record and to ascertain whether or not any amendments needed to be made to the *pro se* petition. The court granted defendant a 45-day extension to file an amended petition and ordered the State to file a motion to dismiss within 21 days of the filing of the amended petition.

On March 27, 2001, McHaney filed a motion for an extension of time to file an amended postconviction petition. In this motion, McHaney stated that he and a private investigator interviewed defendant in prison on March 19, 2001. McHaney further states in the motion, "During this meeting the Defendant raised numerous issues which require more investigation before counsel will be in a position to file any necessary amendments." The court granted the extension to July 20 and set May 16 as a date for a status hearing and pretrial.

On March 30, 2001, McHaney filed a petition for interim attorney fees and reimbursement for costs, which showed that McHaney had reviewed the *pro se* petition and the State's motion to dismiss, had traveled to interview defendant in person, and had researched cases dealing with *Apprendi.* On April 18, 2001, the court granted the fee petition.

At a May 16, 2001, hearing, McHaney informed the court of the status of a number of postconviction proceedings in which he represented defendants. When this defendant's postconviction proceeding was discussed, McHaney stated: "I will be filing an amendment to Gandy. Gandy goes beyond *Apprendi*, Your Honor. His initial *pro se* petition dealt with *Apprendi*, but it touched on other issues." The court asked McHaney if defendant's case should be separated from the other postconviction petitions that raised *Apprendi* claims, and McHaney replied, "Gandy is much more lengthy and complex and goes much further beyond *Apprendi* than any of these others." The State responded that it would file motions to dismiss all of the petitions on the basis of untimeliness. The court ordered that any amendments to the postconviction petition were to be filed within 28 days and that any amendments to the motion to dismiss were to be filed 14

days after the amended petition was filed. Briefing or authority was to be filed by July 5, 2001.

On June 13, 2001, McHaney filed another motion for extension of time to file an amended postconviction petition. The motion alleged, "[A]fter further conversations with the Defendant, counsel has learned that the Defendant has a substantial amount [*sic*] of issues other than *Apprendi*."

On June 27, 2001, the State filed an amended motion to dismiss the petition. The motion alleged that *Apprendi* constitutes a new rule of law and should not be applied retroactively, that defendant's petition was not timely filed, that defendant is entitled to only one postconviction petition and this petition is his second, and that defendant was not sentenced beyond the statutory limits for murder.

On July 17, 2001, the court vacated the setting for July 18, 2001, and granted defendant 28 days to respond to the State's motion to dismiss.

On January 2, 2002, the court granted the State's motion to dismiss. The court found defendant's petition to be untimely and a successive petition and that this court's decision in *People v. Rush*, 322 Ill. App. 3d 1014, 757 N.E.2d 88 (2001), which held that *Apprendi* was applicable to timely filed postconviction petitions, was inapplicable to defendant's case.

■ ■ It is well established that a defendant has no constitutional right to counsel in postconviction proceedings. *People v. Williams*, 186 Ill. 2d 55, 60, 708 N.E.2d 1152, 1154 (1999); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 546, 107 S. Ct. 1990, 1993 (1987). Counsel for indigent defendants who file *pro se* postconviction petitions that are not dismissed at the first stage of postconviction proceedings is provided for by statute. 725 ILCS 5/122—4 (West 2002); see also 134 Ill. 2d R. 651(c). Rule 651(c) establishes the level of assistance appointed counsel must provide to postconviction petitioners. Rule 651(c) provides in relevant part as follows:

> "The record filed in [the circuit] court [in postconviction proceedings] shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

Rule 651(c) does not require that defendants receive the same level of assistance of counsel that the United States Constitution guarantees to defendants at a trial, but it does require counsel to provide a

" 'reasonable level of assistance' " in postconviction proceedings. (Emphasis omitted.) *Williams*, 186 Ill. 2d at 60, 708 N.E.2d at 1155, quoting *People v. Owens*, 139 Ill. 2d 351, 364, 564 N.E.2d 1184, 1189 (1990). The absence of a Rule 651(c) certificate is harmless only if the record shows that counsel met the requirements of the rule. *People v. Edwards*, 291 Ill. App. 3d 476, 487, 684 N.E.2d 802, 810 (1997). In the case at bar, 10 months elapsed between the time counsel asked for an extension of time to file an amended petition and the time the petition was dismissed without an amended petition being filed. The State argues that Rule 651 does not state that counsel is obligated to determine other contentions which could have been raised but were not raised in the *pro se* petition. In the case at bar, counsel determined that issues other than *Apprendi* were "touched" on in the *pro se* petition. It then became counsel's duty to legally develop those issues, and counsel's statements and motions indicate that there are valid issues. There is no requirement that postconviction counsel amend a defendant's *pro se* postconviction petition. *People v. Turner*, 187 Ill. 2d 406, 412, 719 N.E.2d 725, 729 (1999). Nevertheless, Rule 651(c) plainly requires that appointed postconviction counsel make " 'any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [defendant's] contentions.' " *Turner*, 187 Ill. 2d at 412, 719 N.E.2d at 729, quoting 134 Ill. 2d R. 651(c). The State further argues, "[T]here has been no showing that the petition could have been amended to state [a] case upon which relief could be granted." The State's argument begs the question because it is not a matter of record what transpired during McHaney's conversations with defendant. Nearly half a year elapsed between the filing of the State's last motion to dismiss and the dismissal of the *pro se* petition, but counsel did not file a response to the State's motion. Based upon the state of the record, this court concludes that defendant was denied a reasonable level of the assistance of counsel. The judgment dismissing the second *pro se* petition is reversed, and this cause is remanded to the circuit court with directions that it allow defendant the opportunity to replead his second postconviction petition with the assistance of counsel. See *Turner*, 187 Ill. 2d at 417, 719 N.E.2d at 731.

Reversed; cause remanded with directions.

KUEHN and CHAPMAN, JJ., concur.