NOTICE
Decision filed 003/15/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 160282-U

NO. 5-16-0282

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 09-CF-70 |
| | ) | |
| ROBERT L. OLLIE JR., | ) | Honorable |
| | ) | William G. Schwartz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's third-stage dismissal of defendant's postconviction petition is affirmed where the trial court did not err in failing to instruct the jury on self-defense, defendant's trial and appellate court counsel provided effective assistance, and defendant's remaining issues were not presented to the trial court.

¶ 2   On appeal from the third-stage dismissal of his amended petition for postconviction relief, defendant, Robert L. Ollie Jr., argues that (1) the trial court erred in failing to instruct the jury on self-defense for aggravated discharge of a firearm; (2) his trial counsel provided ineffective assistance by failing to request Illinois Pattern Instruction 24-25.06A (Illinois Pattern Jury Instructions, Criminal, No. 24-25.06A (4th ed. Supp. 2009) (hereinafter IPI Criminal 4th (Supp. 2009)) for the aggravated discharge of a firearm charge; (3) his appellate counsel provided ineffective assistance for failing to raise the issue of ineffective trial counsel on appeal; (4) the trial

1

court abused its discretion in finding great bodily harm related to the aggravated battery with a firearm charge; (5) his trial counsel provided ineffective assistance by failing to advise him of mandatory consecutive sentences applicable to his charges; (6) his appellate counsel provided ineffective assistance by failing to raise the issue of Jury Instruction No. 23 during the appeal; and (7) the trial court erred in not considering a single course of conduct under the one-act, one-crime doctrine when imposing consecutive sentences. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4       On February 20, 2009, defendant was charged with two counts of second degree murder in violation of section 9-2(a)(1) of the Criminal Code of 1961 (720 ILCS 5/9-2(a)(1) (West 2008)) related to the death of James Banner (counts I and II), aggravated battery with a firearm in violation of section 12-4.2(a)(1) of the Code (*id.* § 12-4.2(a)(1)) related to shooting Bobby Green in the face (count III), aggravated discharge of a firearm in violation of section 24-1.2(a)(2) of the Code (*id.* § 24-1.2(a)(2)) related to Bobby Green, Amy Wieland, Kyle Hayes, Robin Boyd, and James Banner (count IV), and unlawful use of weapons by a felon in violation of section 24-1.1(a) of the Code (*id.* § 24-1.1(a)) (count V). Defendant proceeded to a jury trial on January 4, 2010.

¶ 5       Following the completion of the presentation of evidence, the State proffered its jury instructions, including People's Instruction No. 23 which was based on Illinois Pattern Instruction 24-25.10 (Illinois Pattern Jury Instructions, Criminal, No. 24-25.10A (4th ed. Supp. 2009) (hereinafter IPI Criminal 4th (Supp. 2009))). The instruction stated, "A person is not justified in the use of force if he is attempting to commit, committing or escaping after the commission of aggravated discharge of a firearm or aggravated battery with a firearm." The defense objected stating that People's Instruction No. 22, which had already been proffered with no objection, covered the situation and No. 23 would confuse the jury. People's Instruction No. 22, which was

2

based on Illinois Pattern Instruction 24-25.09 (Illinois Pattern Jury Instructions, Criminal, No. 24-25.09 (4th ed. Supp. 2009) (hereinafter IPI Criminal 4th (Supp. 2009))), stated:

"A person who initially provokes the use of force against himself is justified in the use of force only if the use of force used against him is so great that he reasonably believes he is in imminent danger of death or great bodily harm, and he has exhausted every reasonable means to escape the danger other than the use of force which is likely to cause death or great bodily harm to the other person; or in good faith, he withdraws from physical contact with the other person and indicates clearly to the other person that he desires to withdraw and terminate the use of force, but the other person continues or resumes the use of force."

¶ 6 The trial court overruled defendant's objection. Defendant filed a motion to reconsider, arguing that People's Instruction No. 23 did not make sense considering that People's Instruction Nos. 22 and 23 could not be reconciled stating, "the jury is going to be extremely confused by the two conflicting instructions." The State argued that both instructions needed to be given since the jury would need to decide whether defendant withdrew from physical contact or attempted to escape after committing a forcible felony. The trial court denied defendant's motion to reconsider and both instructions were provided to the jury.

¶ 7 After a few hours of deliberations, the jury sent a note to the judge that quoted People's Instruction No. 23 and asked, "Does this mean that if a person is attempting to commit an aggravated discharge of a firearm, he is not justified in the use of the firearm at that time? This is confusing because then aggravated battery implies aggravated discharge or vice versa." Neither party objected to the trial court's proposed response that the jury had received their instructions and would not receive any additional instructions. An hour and a half later, the jury reached their

3

verdict which acquitted defendant on counts I and II and convicted defendant on counts III, IV, and V.

¶ 8    Defendant moved for a new trial claiming, *inter alia*, that the court erred in giving People's Instruction No. 23. After a hearing, the trial court denied defendant's motion. The trial court sentenced defendant to 15 years on count III, 6 years on count IV, and 5 years for count V. After finding that Green incurred severe bodily injury from being shot in the face, the trial court found that the sentences for counts III and IV must run consecutively and the sentence for count V was to run concurrently.

¶ 9    On direct appeal, defendant was represented by the Office of the State Appellate Defender (OSAD) which solely raised the issue of whether the trial court's response to the jury's question regarding People's Instruction No. 23 was proper. This court found it was and affirmed the decision on January 9, 2012. *People v. Ollie*, 2012 IL App (5th) 100219-U. The Illinois Supreme Court denied leave to appeal. *People v. Ollie*, 968 N.E.2d 1070 (2012).

¶ 10   On July 31, 2012, defendant filed a *pro se* postconviction petition listing the following issues: (1) the trial court failed to ask the *Zehr* questions properly, and though counsel did not object, it was plain error because of the closely balanced evidence; (2) the trial court erred in allowing People's Instruction No. 23 to be given; (3) trial counsel was ineffective for failing to impeach the State's witnesses with actual copies of their prior inconsistent statements to police, instead of just impeaching them on the stand; (4) the trial court erred in not giving IPI 24-25.06A along with 24-25.06 as the committee notes require; (5) the trial court erred in dismissing three potential jurors who did not hear the court's initial admonitions; (6) the trial court erred in admitting bullets and shell casings; (7) appellate counsel was ineffective refusing "to properly investigate different avenues of defense on appeal"; and (8) the sentence was excessive

4

considering defendant's need to protect himself and his family when Green, Hayes, and Smith should have been charged with home invasion but were not. Attached to the petition, defendant included correspondence from his OSAD counsel, which opined that defendant's contentions regarding issues on direct appeal did not have merit and provided the reasoning, therefore.

¶ 11 On February 7, 2013, postconviction counsel was appointed for defendant. However, a month later, that counsel moved to withdraw due to a conflict. A month later, the circuit court granted the motion of defendant's initial postconviction counsel, appointed a second attorney as defendant's postconviction counsel, and granted defendant's second counsel additional time to file an amended petition. Defendant's second appointed postconviction counsel moved to withdraw on February 5, 2014, due to illness, without ever filing an amended petition. The trial court granted the motion and appointed a third attorney as postconviction counsel. A year later, the third appointed attorney moved to withdraw prior to filing any amended petition. The motion was granted, and a fourth attorney was appointed as defendant's postconviction counsel on February 3, 2015.

¶ 12 On October 16, 2015, defendant's fourth appointed postconviction counsel filed a first amended postconviction petition. The petition claimed: (1) trial counsel provided ineffective assistance by failing to request IPI Criminal 4th No. 24-25.06A be given as part of the instructions for aggravated discharge of a firearm with IPI Criminal 4th No. 24-25.06; (2) the trial court erred by failing to give IPI Criminal 4th No. 24-25.06A when IPI Criminal 4th No. 24-25.06 was given; (3) trial counsel provided ineffective assistance by failing to properly impeach Kyle Hayes about promising to give a statement in exchange for not being arrested on an outstanding warrant; (4) trial counsel provided ineffective assistance by failing to admonish defendant that he would have to

5

serve consecutive sentences if convicted; and (5) appellate counsel provided ineffective assistance by failing to raise the issue related to People's Instruction No. 23 during defendant's direct appeal.

¶ 13 On May 20, 2016, postconviction counsel filed a motion for leave to amend the first amended postconviction petition. The motion was granted, and defendant filed his second amended postconviction petition on June 8, 2016. The first five issues in the first amended postconviction petition remained the same but postconviction counsel added two additional issues, namely appellate counsel provided ineffective assistance by failing to: (6) raise the issue of ineffective trial counsel assistance on direct appeal; and (7) include as an issue on direct appeal the omission of IPI Criminal 4th No. 24-25.06A as part of the instruction for aggravated discharge of a firearm.

¶ 14 A third-stage hearing was held on June 20, 2016. At the hearing, defendant testified that neither the court nor his attorney ever told him that he would have to serve mandatory consecutive sentences on the aggravated battery conviction and "[i]t sure would have" affected his decision to go to trial. He stated that had he known, he would have had his attorney "explore any possibility of a negotiated plea." On cross-examination, defendant denied ever firing "an initial shot across Crestview Street at a bunch of people that were standing outside Ms. Olvera's residence" and stated the only shot fired was inside the basement of his home. Defendant confirmed he was adamant about his claim of self-defense throughout the proceedings. Defendant did not recall any offer of a plea deal and said, "I don't know whether I would have taken a deal—if there was—if there was an offer made, I might have considered it, but there was no offer ever made to me." Defendant also confirmed that he would never have pled guilty to the aggravated discharge count because he did not do it.

¶ 15 Following the hearing, the trial court denied the petition. The trial court's docket entry stated:

"Hearing is called on the motions for post-conv[i]ction relief. Defendant testifies on his behalf. No further witnesses are called by either of the parties. Arguments are heard. The Court finds that many of the arguments have been issue[s] or should have been issue[s] on appeal. Those arguments are not and cannot be the basis for post-conviction relief. The two substantive matters that can be considered pursuance to the post-conviction relief act are the ineffective assistance of both trial and appellate counsel and the claim that the defendant was not aware of the consecutive sentences in the case. The Court FINDS that the argument[s] concerning ineffective assistance of trial and appellate counsel have no basis. The argument concerning the consecutive nature of sentencing as being a constitutional deprivation is interesting but false. The defendant was charged with certain crimes[,] and he claimed not have committed any of those crimes. This Court cannot find that having pled not guilty; and persisted in the plea of not guilty; and had a jury trial to determine his guilt or innocence; and being sentenced pursuant to statute that the defendant has been denied any constitutional right. The petition for post-conviction relief is DENIED."

¶ 16 Defendant filed his notice of appeal on June 28, 2016, and OSAD was appointed to represent defendant on appeal.[1] On August 22, 2018, OSAD filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and this court granted the motion on August 23, 2018. Defendant responded on September 4, 2018, objecting to OSAD's *Finley* motion, agreeing

---

[1]The record contains no Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)) certificate in the record. However, "[t]he failure to file a certificate showing compliance with Rule 651(c) is harmless error if the record demonstrates that counsel adequately fulfilled the required duties." *People v. Lander*, 215 Ill. 2d 577, 584 (2005) (citing *People v. Williams*, 186 Ill. 2d 55, 59 n.1 (1999)). Here, we find the record supports such a showing. We also note that no argument to the contrary was made by defendant.

to OSAD's withdrawal, and moving for leave to proceed *pro se*. On September 17, 2018, we issued an order allowing OSAD's withdrawal and defendant to proceed *pro se*. The issues have now been fully briefed by the parties and we consider defendant's arguments. We will discuss additional facts below as necessary to analyze the issues.

¶ 17                                    II. ANALYSIS

¶ 18     On appeal, defendant contends the circuit court's denial of his postconviction petition after a third-stage hearing was manifestly erroneous. He argues that he showed that (1) the trial court erred in failing to instruct the jury on self-defense for the aggravated discharge of a firearm charge; (2) trial counsel provided ineffective assistance due to failing to request IPI Criminal 4th No. 24-25.06A be included with IPI Criminal 4th No. 24-25.06 for the aggravated discharge of a firearm charge; (3) appellate counsel provided ineffective assistance by failing to raise the issue of ineffective trial counsel on direct appeal; (4) the trial court abused its discretion in finding great bodily harm with regard to defendant's conviction for aggravated battery with a firearm because "great bodily harm" was not an element of the offense in the charging instruction under section 111-3(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(a) (West 2008)); (5) trial counsel provided ineffective assistance because counsel failed to advise defendant of consecutive sentences and trial court did not admonish defendant that he could receive a mandatory consecutive sentence; (6) appellate counsel provided ineffective assistance due to a failure to raise the issue of People's Instruction No. 23 during defendant's direct appeal; and (7) the trial court erred in not considering a single course of conduct under the one-act, one-crime doctrine in imposing the consecutive sentence.

¶ 19     The Post-Conviction Hearing Act (Act) provides collateral means for a defendant to challenge a conviction or sentence by alleging it resulted from a substantial violation of

8

constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2012). "The Act provides a three-stage process for adjudicating petitions." *People v. Cotto*, 2016 IL 119006, ¶ 26. During the first stage, the trial court reviews the petition and determines whether the petition "is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). If the petition survives first-stage review, at the second stage, the court may appoint counsel who may amend the *pro se* petition and the State may respond to the pleading. *Cotto*, 2016 IL 119006, ¶ 27. If the petition makes a substantial showing of a constitutional violation, the petition will advance to the third stage during which an evidentiary hearing is held. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). When a petition advances to a third-stage evidentiary hearing, we will affirm the trial court's decision unless it is manifestly erroneous. *People v. Childress*, 191 Ill. 2d 168, 174 (2000). " 'Manifestly erroneous means arbitrary, unreasonable and not based on the evidence.' " *People v. Ballard*, 206 Ill. 2d 151, 162 (2002) (quoting *People v. Wells*, 182 Ill. 2d 471, 481 (1998)). If "no new evidence is presented and the issues presented are pure questions of law, we will apply a *de novo* standard of review." *Pendleton*, 223 Ill. 2d at 473.

¶ 20 A. Failure to Instruct the Jury on Self-Defense for Aggravated Discharge of a Firearm

¶ 21 On appeal, defendant contends that the circuit court erred in dismissing his postconviction petition based on his allegation that the trial failed to instruct the jury on self-defense for the aggravated discharge of a firearm charge (count IV). He contends that he relied on self-defense for all his counts and the trial court's failure to provide the self-defense instruction was plain error because it was confusing to the jury.

¶ 22 Self-defense is an affirmative defense which claims the defendant was justified in the use of force. *People v. Lee*, 213 Ill. 2d 218, 224-25 (2004). A defendant is entitled to an instruction on self-defense where there is some evidence, even if very slight evidence, in the record, which, if

believed by the jury, would support the theory of self-defense. *People v. Washington*, 2012 IL 110283, ¶ 43. "The question of whether sufficient evidence exists in the record to support the giving of a jury instruction is a question of law subject to *de novo* review." *Id*. ¶ 19.

¶ 23   Here, there was no evidence to support a self-defense instruction. Count IV of the information stated, "AGGRAVATED DISCHARGE OF A FIREARM—The said defendant, knowingly discharged a firearm in the direction of Bobby Green, Amy Wieland, Kyle Hayes, Robin Boyd and James Banner, in violation of Illinois Complied Statutes, Chapter 720, Section 5/24-1.2(a)(2). Class 1 Felony." At trial Green, Wieland, Hayes, and Boyd testified regarding two separate altercations. These witnesses claimed the initial altercation began as a verbal altercation initiated by defendant while standing in his front yard which escalated to defendant shooting across the street and then retreating to the back of his own residence when some of the people previously fired upon moved toward defendant's house to attack defendant. The witnesses claimed the second altercation occurred behind and within defendant's home at which time defendant fired additional shots killing Banner and injuring Green.

¶ 24   Defendant's testimony was similar except that he claimed that no shots were fired during the initial altercation, that the people across the street caught up to him and beat him with a coal shovel. Thereafter, he retreated to the back of his house, entered the house, and fired shots in self-defense during the second altercation when the people from across the street entered his home.

¶ 25   The testimony consistently revealed that the only time Green, Wieland, Hayes, and Boyd were together, as referenced in count IV, was when they were across the street from defendant's residence. At trial, defendant never claimed that he was justified in the use of force when he fired the gun across the street in the direction of Green, Wieland, Hayes, and Boyd. Instead, he claimed that he *never* fired the gun across the street in the direction of Green, Wieland, Hayes, and Boyd.

A court need not give a self-defense instruction that is not supported by the evidence. *People v. Everette*, 141 Ill. 2d 147, 157 (1990). As such, a self-defense jury instruction related to count IV has no basis in the record and we find the circuit court did not err in denying defendant's postconviction petition on this issue.

¶ 26    Defendant also claims that his trial counsel provided ineffective assistance by failing to request IPI Criminal 4th No. 24-25.06A be given in conjunction with IPI Criminal 4th 24-25.06 as to the aggravated discharge of a firearm charge (count IV). IPI Criminal 4th No. 24-25.06 states, "A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend [(*himself*) (*another*)] against the imminent use of unlawful force." IPI Criminal 4th No. 24-25.06A states, "That the defendant was not justified in using the force which he used." To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The failure to satisfy either the deficiency prong or the prejudice prong of the *Strickland* test precludes a finding of ineffective assistance of counsel." *People v. Enis*, 194 Ill. 2d 361, 377 (2000).

¶ 27    "In order to satisfy the deficient-performance prong of *Strickland*, a defendant must show that his counsel's performance was so inadequate that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment." *People v. Smith*, 195 Ill. 2d 179, 188 (2000). "Counsel's performance is measured by an objective standard of competence under prevailing professional norms." *Id*. "Further, in order to establish deficient performance, the defendant must overcome the strong presumption that the challenged action or inaction may have been the product of sound trial strategy." *Id*. "Matters of trial strategy are generally immune from claims of ineffective assistance

11

of counsel." *Id.* (citing *People v. West*, 187 Ill. 2d 418, 432 (1999)). The burden of overcoming the presumption that an attorney's decision was the product of sound trial strategy rests upon the defendant. *People v. Gacy*, 125 Ill. 2d 117, 125 (1988). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *People v. Manning*, 241 Ill. 2d 319, 327 (2011).

¶ 28 Here, it would have been inconsistent with defendant's testimony for trial counsel to request an instruction of self-defense for this charge because defendant claimed that he never shot the weapon across the street from his front yard. "It is well settled in Illinois that counsel's choice of jury instructions, and the decision to rely on one theory of defense to the exclusion of others, is a matter of trial strategy." *People v. Sims*, 374 Ill. App. 3d 231, 267 (2007). "Such decisions enjoy a strong presumption that they reflect sound trial strategy, rather than incompetence," and therefore, are "generally immune from claims of ineffective assistance of counsel." *Enis*, 194 Ill. 2d at 378. Therefore, we find that defendant failed to overcome the presumption that trial counsel's failure to request the jury instruction was trial strategy. Further, no prejudice can be shown because—as explained above—there was no evidence to support a self-defense instruction. Given the evidence at trial, had counsel requested the instruction, it is not reasonable to believe that the result of the proceeding would be different as the court would have denied counsel's request due to the lack of evidence supporting the instruction. As such, we affirm the trial court's denial of defendant's postconviction petition on this issue.

¶ 29 Defendant also claims that his appellate court counsel provided ineffective assistance for failing to raise the issue that defendant's trial counsel was ineffective for failing to submit IPI Criminal 4th No. 24-25.06. Claims of ineffective assistance of appellate counsel are also evaluated under the *Strickland* test. *Childress*, 191 Ill. 2d at 175. "A defendant who claims that appellate

counsel was ineffective for failing to raise an issue on appeal must allege facts demonstrating that such failure was objectively unreasonable and that counsel's decision prejudiced defendant." *Enis*, 194 Ill. 2d at 377. "If the underlying issue is not meritorious, then defendant has suffered no prejudice." *Id*. (citing *Childress*, 191 Ill. 2d at 175). As we have found that trial counsel did not render ineffective assistance by failing to request a self-defense jury instruction for defendant's aggravated discharge of a firearm charge (count IV), we find that defendant has suffered no prejudice by appellate counsel failing to raise this as an issue on appeal. Therefore, we affirm the trial court's denial of defendant's postconviction petition on this issue.

¶ 30                B. Great Bodily Harm and Aggravated Battery With a Firearm

¶ 31    Defendant argues that the charging instruction for aggravated battery with a firearm does not include "great bodily harm" and therefore the trial court's reliance on this element was in error. Defendant therefore contends that he should not be subject to the mandatory 85% sentence that is associated with a finding of "great bodily harm." Review of defendant's initial *pro se*, first amended, and second amended postconviction petitions, reveal no reference to this issue. Our supreme court has consistently held that "a claim not raised in a petition cannot be argued for the first time on appeal." *People v. Jones*, 213 Ill. 2d 498, 505 (2004). Therefore, we find this issue is forfeited because defendant did not raise the issue in any of his petitions. *People v. Davis*, 156 Ill. 2d 149, 158-60 (1993).

¶ 32                C. Failure to Advise Defendant of Consecutive Sentences

¶ 33    Defendant also contends that the trial court erred by failing to admonish him that he could receive mandatory consecutive sentences and that his trial counsel provided ineffective assistance by failing to advise him of consecutive sentences. As to the former claim, defendant could have

13

raised this issue as it relates to the trial court on direct appeal. We therefore find it is forfeited. *People v. Olinger*, 176 Ill. 2d 326, 365-66 (1997).

¶ 34   Defendant's claim regarding his trial counsel fares no better. On appeal, defendant contends that since his trial counsel did not advise him of the possibility of consecutive sentences, his decision to go to trial was not knowingly made. However, defendant's claim is rebutted by his testimony provided at the third-stage hearing. Defendant testified during direct examination that had he known about the mandatory consecutive sentences "[i]t sure would have" affected his decision of whether to go to trial. He further stated that had he known about the possible mandatory sentence he would have had his attorney explore any possibility of a negotiated plea. However, during cross-examination, defendant stated he did not "know whether [he] would have taken a deal *** [he] might have considered it, but there was no offer ever made to [him]." Defendant also conceded that he would never have pled guilty to the aggravated discharge of a firearm charge because he did not do it.

¶ 35   Although the State questioned defendant about its plea deal offer of 20 years, defendant denied awareness of the offer. Regardless, defendant's testimony at the third-stage hearing revealed, at most, that he would have "considered" the offer but indicated, the more likely probability would be a rejection of the offer because he "never would have pled guilty to something [he] didn't do." Further, the facts of record show no prejudice to defendant because his ultimate sentence following the jury trial was 15 years (to be served at 85%) plus 6 years. Therefore, defendant's potential sentence of 18.75 years is a lower sentence than what was purported to have been offered (20 years) by the State and is lower than the maximum potential sentence related to the second degree murder charge, of which he was eventually acquitted. As such, the trial court's finding that defendant's claim "stretches the credulity of this court," is not against the manifest

14

weight of the evidence and we hold that the trial court properly rejected defendant's ineffective assistance of counsel claim.

¶ 36                              D. Ineffective Assistance of Appellate Counsel

¶ 37    Defendant also contends that his appellate counsel provided ineffective assistance because counsel failed to raise the issue that the admission of People's Instruction No. 23 was confusing to the jury at trial and did not accurately state the law in violation of Illinois Supreme Court Rule 451(a) (eff. July 1, 2006) on direct appeal. We note that on direct appeal, defendant conceded "that the instructions were properly given." *Ollie*, 2012 IL App (5th) 100219-U, ¶ 10. As with a claim of ineffective trial counsel, defendant must overcome the strong presumption that appellate counsel's decision not to raise the issue was sound appellate strategy. *People v. Coleman*, 2011 IL App (1st) 091005, ¶ 44. Here, the presumption cannot be rebutted because defendant included copies of counsel's correspondence with his postconviction petition. Instead of rebutting the presumption, the correspondence confirms that appellate counsel's decision not to raise the issue was strategy by stating:

"I don't see anything wrong with People's Instruction 23 itself. The instruction is straight out of the Illinois Pattern Instructions, and it accurately states the law. Supreme Court Rule 451(c) isn't pertinent to the argument I have presented. This rule is pertinent to causes in which the jury instructions were 'bad' in some way. In your appeal, we aren't arguing that the instructions were bad; we are saying the judge's response to the jury's question was bad. In your case, at least, aggravated battery with a firearm and aggravated discharge of a firearm certainly qualif[ies] as 'forcible felonies' under Section 2-8 of the Criminal Code."

¶ 38    "Appellate counsel is not required to raise issues that he reasonably determines are not meritorious." *People v. English*, 2013 IL 112890, ¶ 34 (citing *People v. Collins*, 153 Ill. 2d 130

15

(1992)). Nor is it "incompetence for counsel to refrain from raising issues that counsel believes are without merit." *People v. Edwards*, 195 Ill. 2d 142, 163-64 (2001). "[U]nless the underlying issue is meritorious, a defendant cannot be said to have incurred any prejudice from counsel's failure to raise the particular issue on appeal." *Id*. at 164 (citing *Childress*, 191 Ill. 2d at 175).

¶ 39     Here, People's Instruction No. 23 stated, "A person is not justified in the use of force if he is attempting to commit, committing or escaping after the commission of aggravated discharge of a firearm or aggravated battery with a firearm." Defendant does not dispute that he was charged with both aggravated discharge of a firearm and aggravated battery with a firearm. Instead, he claims that Instruction No. 23 does not accurately state the law as set forth by section 7-4 of the Code (720 ILCS 5/7-4 (West 2008)). However, subsection (a) of section 7-4 stated, "The justification described in the preceding Sections of this Article is not available to a person who: (a) Is attempting to commit, committing, or escaping after the commission of, a forcible felony." *Id.* § 7-4(a). Defendant does not dispute that both aggravated discharge of a firearm and aggravated battery with a firearm are forcible felonies. As such, we reject defendant's claim that Instruction No. 23 did not accurately state the law as set forth by the statute.

¶ 40     Nor can prejudice be found when this court previously found that the "instructions given [including Instruction No. 23] were readily understandable and sufficiently explained the law relevant to the defendant's case, and thus were adequate to clear up any confusion the jury may have had." *Ollie*, 2012 IL App (5th) 100219-U, ¶ 11. Here, defendant fails to show any reasonable probability that a direct challenge to the trial court's decision to give Instruction No. 23 would have succeeded on direct appeal. As such, we find the trial court properly denied defendant's postconviction petition regarding this issue.

16

¶ 41                          E. One Act, One Crime

¶ 42    Finally, defendant contends that that the trial court erred in not considering a single course of conduct under the one-act, one-crime doctrine when imposing consecutive sentences. However, review of defendant's initial *pro se*, first amended, and second amended postconviction petitions, reveals no reference to this issue. As stated earlier, "a claim not raised in a petition cannot be argued for the first time on appeal." *Jones*, 213 Ill. 2d at 505. As such, we decline to address this issue.

¶ 43                          III. CONCLUSION

¶ 44    For the foregoing reasons, we affirm the trial court's dismissal of defendant's postconviction petition.


¶ 45    Affirmed.