THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRAMAINE JONES, Defendant-Appellant.

First District (4th Division)   No. 1—01—2259

Opinion filed May 22, 2003.

Michael J. Pelletier and Letty S. DiGiulio, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J.

Spellberg, and Bette Plass, Assistant State's Attorneys, of counsel), for the People.

JUSTICE KARNEZIS delivered the opinion of the court:

Defendant Tramaine Jones entered into a negotiated guilty plea to the charge of attempted first-degree murder and was sentenced to 20 years in prison. Subsequently, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)), which the circuit court dismissed as frivolous and patently without merit. The sole issue presented on appeal is whether defendant's *pro se* postconviction petition was properly dismissed. We affirm the dismissal of defendant's petition because it failed to state the gist of a constitutional claim. Although we limit our analysis to the determination of whether defendant's petition was properly dismissed, we include a brief recitation of the procedural history of the case.

On August 12, 1999, after finding a sufficient factual basis for defendant's plea existed and defendant's plea was knowing and voluntary, the circuit court sentenced defendant to 20 years in prison, pursuant to the plea agreement. At sentencing, pursuant to Supreme Court Rule 605(b)(2) (145 Ill. 2d R. 605(b)(2)), the circuit court admonished defendant that if he wanted to appeal he first had to file a motion to withdraw his guilty plea or a motion to reconsider his sentence within 30 days.[1]

Within 30 days of the court's judgment, defendant filed a *pro se* motion to reduce his sentence. In the motion, he alleged his sentence was excessive. The circuit court denied defendant's motion, finding that 20 years was an appropriate sentence and defendant had agreed to the sentence when he entered into the negotiated guilty plea. The court informed defendant he had 30 days to appeal the denial of his motion.

Instead of filing an appeal, defendant filed a *pro se* motion to withdraw his guilty plea and vacate the judgment on January 14, 2000. He alleged in the motion:

"I feel I wasn't represented to the fullest by my counsel, he didn't

---

[1]Although the court's admonishment adhered to the text of Rule 605(b)(2), the rule was legally inaccurate. Pursuant to *People v. Evans*, 174 Ill. 2d 320 (1996), a defendant can only challenge his sentence following the entry of judgment on a negotiated guilty plea by filing a motion to withdraw the guilty plea, not by filing a motion to reconsider the sentence. *Evans*, 174 Ill. 2d at 332. Subsequently, Supreme Court Rule 605 was amended, effective November 1, 2000, to add subsection (c), which complied with the holding of *Evans*. See 188 Ill. 2d R. 605(c).

pay attention to the whole case. He was just looking at the crime instead of the facts."

The circuit court denied the motion as untimely because it was filed more than 30 days after the August 12, 1999, sentencing date.

Subsequently, defendant filed a *pro se* petition for postconviction relief in March 2001.[2] The petition consisted of a preprinted form with blank spaces that defendant filled in with handwritten text. Paragraph four of the petition, which purported to establish the basis for the petition, read:

"That petitioner contends, as supported by the attached affidavits, that he was denied his right to _____ guaranteed by the _____ and Fourteenth Amendments of the United States Constitution."

Defendant wrote "effective assistance of counsel" and "Sixth," respectively, in the blank spaces. The preprinted form also provided blank spaces for defendant to describe how his constitutional rights were violated; however, he did not fill in those blank spaces. The petition was verified by defendant's affidavit, which contained nothing more than defendant's notarized signature attesting that the allegations in the petition were true. The petition provided no other information or allegations and no supporting documentation was attached. The circuit court summarily dismissed defendant's petition as frivolous and patently without merit, finding the petition "completely failed to assert any claim at all, much less even the gist of a constitutional claim."

On appeal, defendant contends for the first time the circuit court erroneously admonished him pursuant to Supreme Court Rule 605. On this basis, defendant seeks to have his case remanded for proper admonishments and an opportunity to file a motion to withdraw his guilty plea.

■ The Post-Conviction Hearing Act provides an opportunity for a defendant to assert that his conviction was the result of a substantial deprivation of his constitutional rights. *People v. Morgan*, 187 Ill. 2d 500, 527-28 (1999). To succeed in receiving postconviction relief, the defendant must clearly state the ways in which his constitutional rights were violated and must provide affidavits, records, or other evidence to support the allegations or explain why none could be obtained. 725 ILCS 5/122—2 (West 2000). In non-death-penalty postconviction proceedings, the adjudication of a postconviction petition follows a three-stage process. *People v. Gaultney*, 174 Ill. 2d 410, 418

---

[2]The petition is not date stamped, but was signed by defendant and notarized on March 5, 2001.

(1996). At the first stage, the circuit court must review the petition within 90 days and summarily dismiss the petition if it is frivolous or patently without merit. *People v. Coleman*, 183 Ill. 2d 366, 379 (1998); 725 ILCS 5/122—2.1(a) (West 2000). To survive summary dismissal, a *pro se* petitioner need only raise the "gist" of a constitutional claim. *Coleman*, 183 Ill. 2d at 380 n.2. The "gist" standard is a "low threshold," and to meet this standard, the petition need only set forth "a limited amount of detail," and need not include "legal arguments" or "legal authority." *People v. Edwards*, 197 Ill. 2d 239, 244 (2001), quoting *Gaultney*, 174 Ill. 2d at 418. The standard of review at this stage of the proceeding is *de novo*. *Coleman*, 183 Ill. 2d at 388-89.

The supreme court's holding in *Edwards*, that the defendant's *pro se* postconviction petition stated the gist of a constitutional claim, is illustrative. In *Edwards*, the defendant filed a *pro se* postconviction petition "in which he alleged that, following the entry of his guilty plea, his court-appointed attorney refused his request to 'file an appeal' and became 'totally unavailable in regard to the case.' " *Edwards*, 197 Ill. 2d at 240-41. The supreme court held that the defendant's petition met this low threshold and presented the gist of a constitutional claim of ineffective assistance of counsel. In rejecting the appellate court's conclusion that defendant's petition had been properly dismissed as frivolous and patently without merit, the supreme court concluded the defendant's allegations were sufficient and, at the first stage, the defendant was not required to allege how his appeal would have been successful in order to establish how he was prejudiced by his attorney's failure to pursue a requested appeal. *Edwards*, 197 Ill. 2d at 253, 257-58.

■ Before addressing whether defendant's petition stated the gist of a constitutional claim, we must note that the scope of our review on appeal from the dismissal of defendant's petition is limited to consideration of only those claims actually raised in defendant's petition. *People v. Britt-El*, 206 Ill. 2d 331, 339 (2002). The supreme court's holding in *Britt-El* is based on section 122—3 of the Act, which provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122—3 (West 2000). In *Britt-El*, the supreme court held that only those claims the defendant raised in his first *pro se* petition could be considered on appeal. *Britt-El*, 206 Ill. 2d at 338. The defendant in *Britt-El* filed a second *pro se* petition in which he raised some of the same allegations he raised in his first petition as well as numerous additional allegations. The court found that because the claims in his second petition had not been raised in his first petition, they could not be addressed on appeal. *Britt-El*, 206 Ill. 2d at 338. The court reasoned:

"[T]hose claims in defendant's second petition which were not included in his first petition are waived. That being the case, the scope of our review is limited to consideration of those claims *** which were presented in both defendant's first post-conviction petition and his second." *Britt-El*, 206 Ill. 2d at 339.

■ Therefore, our review is limited to examining the allegation raised in defendant's petition to determine whether it stated the gist of a constitutional claim. In making this determination we cannot consider defendant's contention, which he raised for the first time on appeal, that he was improperly admonished pursuant to Rule 605. See *People v. Griffin*, 321 Ill. App. 3d 425, 428 (2001) (The Act does not permit a defendant to raise an issue on appeal from the dismissal of a postconviction petition that he never raised in the petition).

■ We conclude defendant's petition was properly dismissed as frivolous and patently without merit because it failed to state the gist of a constitutional claim. Defendant's petition merely stated he was denied his sixth amendment right to effective assistance of counsel. To meet the low threshold of the "gist of a constitutional claim," defendant was only required to present "a limited amount of detail" in his petition. Because defendant failed to present any detail whatsoever, he did not meet this threshold. Merely alleging he was denied his sixth amendment right to effective assistance of counsel, with nothing more, is insufficient. To invoke the Act, defendant merely needed to allege, in limited detail and without citation to legal authority, why he believed his counsel was ineffective. If we were to hold that defendant's meager allegation constituted the gist of a constitutional claim, we would effectively eviscerate the requirements and purpose of the Act.

We acknowledge this court's recent decisions in *People v. Bates*, 323 Ill. App. 3d 77 (2001), *People v. Johnson*, 332 Ill. App. 3d 81 (2002), and *People v. Green*, 332 Ill. App. 3d 481 (2002); however, we decline to follow them. In each of these cases, the court addresses the issue of improper guilty plea admonishments, when the issue was not raised in the defendants' *pro se* postconviction petitions, but was raised for the first time on appeal from the dismissal of their petitions. The cases upon which the court relies are not appeals from the denial of postconviction petitions; rather, they are direct appeals. We reject the reasoning of the decisions in *Bates*, *Johnson* and *Green* and follow the clear language of the Act, which specifically limits our review on appeal to only those issues raised in defendant's postconviction petition.

Accordingly, we affirm the judgment of the circuit court dismissing

108

defendant's *pro se* postconviction petition as frivolous and patently without merit.

Affirmed.

THEIS, P.J., and GREIMAN, J., concur.