THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE RIALS, Defendant-Appellant.

First District (4th Division)   No. 1—02—2073

Opinion filed December 31, 2003.

Michael J. Pelletier and Miriam Hallbauer, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Mary L. Boland, Michelle Grimaldi Stein, and Sheri Dietz, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

Defendant Andre Rials appeals from an order of the circuit court dismissing his petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2000)) at the second stage without granting an evidentiary hearing. For the following reasons, we affirm.

The following facts were adduced at trial. Officer Isaac Lee testified that on January 6, 1999, he observed two individuals separately approach defendant in the lobby of a Chicago Housing Authority (CHA) building and hand him money. On each occasion, after receiving the money, defendant handed the individuals items contained in a clear plastic sandwich bag he was holding. Officer Lee, who was approximately 10 feet away when he observed these exchanges, radioed backup officers a description of the two individuals who had approached defendant. Officer Lee then detained defendant, searched him, and found $552 and 15 small plastic bags on his person containing a rock-like substance suspected to be cocaine. The two individuals who had approached defendant were also detained, and small bags containing a white rock-like substance suspected to be cocaine were recovered from each of them. Officer Lee inventoried the bags recovered from defendant under inventory No. 2118073 and the bags recovered from the other two individuals under inventory Nos. 2118072 and 2118070.

Bradley Fleming, a forensic drug chemist, was found to be an expert in the area of analysis of controlled substances and chemistry. He testified that he examined the contents of the bags inventoried under No. 2118073 and determined that they weighed 1.1 grams and tested positive for cocaine in preliminary screening and confirmatory tests. He also tested the contents of the bags inventoried under Nos. 2118072 and 2118070 and determined that they contained cocaine.

On January 12, 2000, following a bench trial, defendant was convicted of possession of a controlled substance with intent to deliver on residential property owned, operated and managed by the CHA and was sentenced to 10 years' imprisonment. Defendant appealed and his counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). Defendant filed two separate responses to the *Anders* motion, contending that the evidence was insufficient to establish his guilt, the trial court improperly denied his request for treatment under the Illinois Alcoholism and Other Drug Abuse and Dependency Act (20 ILCS 301/1—1 *et seq.* (West 1998)), his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and amendments to two statutes under which he was convicted were found unconstitutional. Rejecting defendant's arguments, this court granted defense counsel's motion to withdraw and affirmed the trial court's judgment. *People v. Rials*, No. 1—00—1879 (August 31, 2001) (unpublished order under Supreme Court Rule 23).

While defendant's direct appeal was pending, defendant filed a *pro se* postconviction petition on October 5, 2000. In his petition,

defendant attacked only his sentence and argued that Public Acts 88—680 (Pub. Act 88—680, eff. January 1, 1995) and 89—404 (Pub. Act 89—404, eff. August 20, 1995), which were found to violate the single subject rule in *People v. Cervantes*, 189 Ill. 2d 80, 723 N.E.2d 265 (1999), and *People v. Reedy*, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999), affected his case and violated his constitutional rights, and generally cited the fifth, sixth, eighth and fourteenth amendments of the United States Constitution. The trial court appointed the public defender's office to represent defendant in the postconviction proceedings. The State then filed a motion to dismiss defendant's petition, contending that defendant's allegations failed to make a substantial showing of a denial of defendant's constitutional rights because neither public act applied to defendant's case. Postconviction counsel did not amend defendant's *pro se* petition, but filed a certificate of compliance under Supreme Court Rule 651(c) (134 Ill. 2d R. 615(c)), certifying that she consulted with defendant by letter and telephone on "numerous occasions to ascertain his contentions of deprivations of constitutional rights," "obtained and examined the Report of Proceedings" of defendant's trial, and examined defendant's *pro se* petition and determined that because "it adequately presents his claims of deprivations of constitutional rights, there is nothing that can be added by an amended or a supplemental petition." On June 25, 2002, the trial court granted the State's motion to dismiss and defendant then filed this timely appeal.

■ The Act provides a remedy for defendants who have suffered a substantial violation of their constitutional rights at trial. *People v. Edwards*, 197 Ill. 2d 239, 243-44, 757 N.E.2d 442, 445 (2001). Petitions filed under the Act must clearly identify the alleged constitutional violations and must have attached "affidavits, records, or other evidence supporting its allegations or [they] shall state why the same are not attached." 725 ILCS 5/122—2 (West 2000). In noncapital cases, the Act creates a three-stage process for postconviction proceedings. *Edwards*, 197 Ill. 2d at 244, 757 N.E.2d at 445. At the first stage, the circuit court, without input from the State, reviews the petition and determines whether, on its face, "the petition is frivolous or is patently without merit." 725 ILCS 5/122—2.1(a)(2) (West 2000). A postconviction petition is considered frivolous or patently without merit if the petition's allegations, taken as true, fail to present the gist of a meritorious constitutional claim. *People v. Collins*, 202 Ill. 2d 59, 66, 782 N.E.2d 195, 198 (2002).

■ If the petition is not dismissed at stage one, it proceeds to stage two, where section 122—4 of the Act provides for the appointment of counsel for an indigent defendant (725 ILCS 5/122—4 (West 2000))

and counsel may file an amended petition. *People v. Boclair*, 202 Ill. 2d 89, 100, 789 N.E.2d 734, 741 (2002). The instant case was dismissed by the trial court at the second stage of the process. At the second stage, the State is required to either answer or move to dismiss the petition. 725 ILCS 5/122—5 (West 2000). The trial court must then determine whether the petition and any attached documents make a substantial showing of a constitutional violation. *Edwards*, 197 Ill. 2d at 246, 757 N.E.2d at 446. If such a showing is made, the petition proceeds to the third stage where the court conducts an evidentiary hearing. 725 ILCS 5/122—6 (West 2000); *Boclair*, 202 Ill. 2d at 100, 789 N.E.2d at 741. Our review of the trial court's dismissal of a post-conviction petition at the second stage is *de novo. People v. Coleman*, 183 Ill. 2d 366, 378-79, 701 N.E.2d 1063, 1070-71 (1998).

■ On appeal, defendant contends that he was denied his right to effective assistance of appellate counsel because appellate counsel failed to raise a meritorious issue, that the State failed to prove defendant guilty beyond a reasonable doubt because the expert chemist's testimony lacked the foundation necessary to prove either the weight of the substance or that it contained cocaine, relying on *People v. Raney*, 324 Ill. App. 3d 703, 756 N.E.2d 338 (2001).[1] However, we find that this issue is waived because it was not included in defendant's postconviction petition. A defendant may not raise for the first time on appeal constitutional claims which were not actually presented in his petition. 725 ILCS 5/122—3 (West 2000) ("[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived"); *People v. Moore*, 189 Ill. 2d 521, 544, 727 N.E.2d 348, 360 (2000); *People v. Jefferson*, 345 Ill. App. 3d 60 (2003). In his petition, defendant argued only that Public Acts 88—680 and 89—404 impacted his sentence and never made these ineffective assistance of appellate counsel or insufficiency of the evidence arguments. Accordingly, we find defendant's ineffective assistance of appellate counsel argument waived.

To circumvent the waiver rule, defendant argues that he was denied reasonable assistance of postconviction counsel where postconviction counsel failed to amend defendant's *pro se* petition to add these new ineffective assistance of appellate counsel and insufficiency of the evidence arguments. The State responds that postconviction counsel is not obligated to examine the record in search of claims or amend the petition to include claims that are unrelated to defendant's

---

[1] We note that trial counsel never specifically objected to the expert's testimony on these grounds and never included this issue in his posttrial motion.

*pro se* contentions or not necessary to properly present the issues raised by defendant in the original *pro se* petition. We agree with the State.

■ A defendant has no constitutional right to the assistance of counsel at a postconviction proceeding. *Moore*, 189 Ill. 2d at 541, 727 N.E.2d at 358. Because the source of the right to counsel in postconviction proceedings is statutory, postconviction petitioners are entitled only to the level of assistance provided in the Act. *People v. Turner*, 187 Ill. 2d 406, 410, 719 N.E.2d 725, 727-28 (1999). The degree of skill and care that a lawyer must exercise in representing a postconviction petitioner is not "effective assistance of counsel" and is, therefore, not governed by the familiar two-part test first enunciated in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). *People v. McNeal*, 194 Ill. 2d 135, 142, 742 N.E.2d 269, 273 (2000). Defendants are not entitled to receive the same level of assistance of counsel that the Constitution guarantees to defendants at trial. *People v. Williams*, 186 Ill. 2d 55, 60, 708 N.E.2d 1152, 1155 (1999). The Act requires only a reasonable level of assistance by appointed counsel at postconviction proceedings. *McNeal*, 194 Ill. 2d at 142, 742 N.E.2d at 273; *Moore*, 189 Ill. 2d at 541, 727 N.E.2d at 358-59.

To that end, Supreme Court Rule 651(c) outlines the specific requirements that postconviction counsel must fulfill in representing postconviction petitioners. 134 Ill. 2d R. 651(c). Under Rule 651(c), the record must demonstrate that appointed counsel "has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c). See also *Turner*, 187 Ill. 2d at 410, 719 N.E.2d at 728. Postconviction counsel is not required to amend a defendant's *pro se* postconviction petition. *Turner*, 187 Ill. 2d at 412, 719 N.E.2d at 729. Counsel's obligations under Rule 651(c) are the same in every case where postconviction counsel is appointed, regardless of whether the defendant was sentenced to death. *Turner*, 187 Ill. 2d at 412, 719 N.E.2d at 729.

"[P]ostconviction counsel is not required to comb the record for issues not raised in the defendant's *pro se* postconviction petition." *People v. Helton*, 321 Ill. App. 3d 420, 424-25, 749 N.E.2d 1007, 1011 (2001). Counsel is obligated to amend defendant's *pro se* petition only when necessary to adequately present the claims defendant had already raised in his petition and while counsel **may** add new claims, he is not required to amend defendant's *pro se* postconviction petition to include new issues. We find ample support for this holding from Rule 651(c) and several supreme court cases.

Under Rule 651(c), counsel is only required to make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of *petitioner's* contentions." (Emphasis added.) 134 Ill. 2d R. 651(c). Further, our supreme court has explained that Rule 651(c) works with the Act to ensure that counsel appointed to represent an indigent petitioner " 'ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court.' " *People v. Szabo*, 144 Ill. 2d 525, 532, 582 N.E.2d 173, 176 (1991), quoting *People v. Owens*, 139 Ill. 2d 351, 359, 564 N.E.2d 1184, 1187 (1990).

In *People v. Davis*, 156 Ill. 2d 149, 619 N.E.2d 750 (1993), our supreme court held that a postconviction petitioner is "not entitled to the advocacy of counsel for purposes of exploration, investigation and formulation of potential claims." *Davis*, 156 Ill. 2d at 163, 619 N.E.2d at 758. "Post-conviction counsel is only required to investigate and properly present the *petitioner's* claims. *** Counsel's responsibility is to adequately present those claims which the *petitioner* raises." (Emphasis in original.) *Davis*, 156 Ill. 2d at 164, 619 N.E.2d at 758. "[I]t is the substance of the *petitioner's* claims, in his initial post-conviction pleading, which, in the first instance, determines the fate of the petitioner's claims. The post-conviction court's determination concerning the merit of those claims is based solely upon the *petitioner's* articulation of the same." (Emphasis in original.) *Davis*, 156 Ill. 2d at 163, 619 N.E.2d at 758.

Further, postconviction counsel is not obligated to examine the entirety of the defendant's trial transcript and is only required to examine as much of the transcript as is necessary to adequately present and support those constitutional claims raised by the defendant. *Turner*, 187 Ill. 2d at 411-12, 719 N.E.2d at 728-29; *Davis*, 156 Ill. 2d at 164, 619 N.E.2d at 758. "To require counsel to examine portions of the record which have no relevance to petitioner's claims would be an exercise in futility." *Turner*, 187 Ill. 2d at 412, 719 N.E.2d at 729. Additionally, counsel has no duty to locate witnesses not specifically identified by the defendant and " 'has no obligation *** to engage in a generalized fishing expedition in search of support for claims raised in a petition.' " *Williams*, 186 Ill. 2d at 61, 708 N.E.2d at 1155, quoting *People v. Johnson*, 154 Ill. 2d 227, 248, 609 N.E.2d 304, 314 (1993). It is the defendant's burden to inform counsel, with specificity, of the identity of the witnesses who should have been called and generally the information the witnesses would have offered. Only then does counsel have a duty to attempt to contact those witnesses to obtain affidavits for the purpose of shaping the allegations in the petition into appropriate legal form. *Moore*, 189 Ill. 2d at 542-43, 727 N.E.2d at

359-60; *Williams*, 186 Ill. 2d at 61, 708 N.E.2d at 1155; *Johnson*, 154 Ill. 2d at 247-48, 609 N.E.2d at 314. If postconviction counsel is not required to read the entire trial transcript when unnecessary to present the defendant's *pro se* contentions or locate witnesses not specifically identified by the defendant in the petition, counsel certainly need not scour the record to ascertain any other potential errors and constitutional issues not implicated in the defendant's *pro se* petition.

Here, in his *pro se* petition, defendant raised only issues challenging his sentence under *People v. Cervantes*, 189 Ill. 2d 80, 723 N.E.2d 265 (1999), and *People v. Reedy*, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999), and never raised the lack of foundation for the expert's opinion at trial, an insufficiency of the evidence argument, or that his appellate counsel was ineffective for failing to argue this issue on appeal. Thus, counsel was not required to review the record to ascertain any potential claim of error not raised in defendant's original petition or to amend the petition to include these claims.

Defendant relies on *People v. Turner*, 187 Ill. 2d 406, 719 N.E.2d 725 (1999), to support his argument that his postconviction counsel was unreasonable. However, *Turner* is factually distinguishable from the present case and actually supports our holding. In *Turner*, defendant raised several detailed arguments in his *pro se* petition, including that the State violated his right to due process by failing to disclose specific evidence, the State failed to disclose that it promised a witness favorable treatment in exchange for his testimony, trial counsel was ineffective for failing to discover and impeach a witness with specific evidence and statements, and the death penalty statute was unconstitutional. *Turner*, 187 Ill. 2d at 409, 719 N.E.2d at 727. Defendant's appointed counsel did not amend the petition. The trial court then dismissed defendant's *pro se* petition, finding that these arguments were barred by *res judicata* or waiver because the defendant could have raised them on direct appeal but failed to do so. The supreme court determined that the defendant was denied reasonable assistance of postconviction counsel because, in order to adequately shape the defendant's contentions into the appropriate legal form and to avoid waiver, counsel should have amended the petition to allege ineffective assistance of appellate counsel for failing to raise these issues on direct appeal. *Turner*, 187 Ill. 2d at 413, 719 N.E.2d at 729. The court did not hold that any failure to amend the petition would be unreasonable or that counsel had to amend the petition to add new claims not mentioned in the defendant's *pro se* petition, but merely found that "counsel's failure to make a routine amendment to a postconviction petition that would overcome a procedural bar constitutes unreasonable assistance in violation of Rule

651(c)." *People v. Broughton*, 344 Ill. App. 3d 232, 241 (2003), citing *Turner*, 187 Ill. 2d at 412-13.

In *Turner*, the defendant raised several specific contentions of constitutional error in his *pro se* petition and detailed the factual basis for these claims, yet counsel failed to make the amendments necessary to comply with Rule 651(c) to adequately present these claims to the trial court. In this case, however, defendant never raised any issue of ineffective assistance of counsel in his *pro se* petition, nor did he raise the insufficiency of the evidence against him or the lack of foundation for the chemist's testimony.

■ Defendant's statement in his reply brief that he "made a general claim of ineffective assistance of counsel" in his *pro se* petition is disingenuous and without merit. First, defendant never made such a claim; rather, he only generally defined the fifth, sixth, eighth and fourteenth amendments and included the phrase "assistance of counsel." By including the terms "sixth amendment" and "assistance of counsel" in his petition, defendant did not raise an ineffective assistance of counsel argument triggering postconviction counsel's duty to investigate the claim and amend the petition. Second, "[m]erely alleging he was denied his sixth amendment right to effective assistance of counsel, with nothing more, is insufficient" to invoke relief under the Act. *People v. Jones*, 341 Ill. App. 3d 103, 107, 791 N.E.2d 1118, 1121 (2003), *appeal allowed*, 205 Ill. 2d 616 (2003). To hold "that defendant's meager allegation constituted the gist of a constitutional claim, we would effectively eviscerate the requirements and purpose of the Act." *Jones*, 341 Ill. App. 3d at 107, 791 N.E.2d at 1121.

Additionally, defendant's postconviction counsel filed a certificate of compliance with Rule 651(c) stating that she met with defendant to ascertain his contentions, examined defendant's trial transcript and his *pro se* petition, and determined that, because "it adequately presents his claims of deprivations of constitutional rights, there is nothing that can be added by an amended or a supplemental petition." Here, where defendant failed to even mention any of these arguments in his *pro se* petition, we find that defendant was not denied reasonable assistance of postconviction counsel when counsel failed to amend the petition to add a new claim not raised in defendant's original petition.

For the foregoing reasons, we affirm the trial court's dismissal of defendant's postconviction petition because it failed to demonstrate a substantial showing of a constitutional violation. Additionally, we find

that postconviction counsel provided reasonable assistance to defendant.

Affirmed.

QUINN, P.J., and HARTMAN, J., concur.