2025 IL App (1st) 230988-U

No. 1-23-0988

Order filed January 10, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 13 CR 16699 |
| FRANCISCO CASTILLO, | ) ) | Honorable Michele Pitman, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court's judgment affirmed where defendant failed to establish that postconviction counsel provided unreasonable assistance when he failed to provide counsel additional information to amend the *pro se* postconviction petition.

¶ 2    Defendant Francisco Castillo appeals from the second-stage dismissal of his petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). On appeal, defendant contends that postconviction counsel was unreasonable for failing to amend his *pro se* petition or, in the alternative, file a motion to withdraw as counsel. We affirm.

¶ 3                                    **BACKGROUND**

¶ 4      On July 31, 2014, pursuant to a negotiated plea agreement, defendant pled guilty to one count of predatory criminal sexual assault in exchange for an 18-year prison term.[1] The trial court provided a Spanish interpreter for defendant during the plea hearing. When asked by the court if he accepted the State's offer and understood the charges, defendant confirmed.

¶ 5      The stipulated factual basis established that if called, A.A. would testify that defendant was her step grandfather. Between May 1, 2012, and September 30, 2012, when she was between six and seven years old, defendant touched and penetrated her vagina with his fingers on several occasions. Defendant fondled her breast and chest area, kissed her breasts, neck, and vagina, and licked her vagina on several occasions. Defendant also placed her hands on his penis. During the week of July 18, 2013, defendant placed his hand "under" her underwear and rubbed her vagina.

¶ 6      In a videotaped statement, defendant admitted that he touched A.A.'s vagina with his hands and licked and kissed her vagina. Defendant also admitted that he fondled her chest under her clothing and placed her hand on his penis several times.

¶ 7      Defendant agreed that those were the facts supporting his guilty plea.

¶ 8      The court accepted defendant's plea, finding that he understood the nature of the charges, the possible penalties, and his rights. The court also found that defendant knowingly and voluntarily pled guilty, and there was a factual basis for the guilty plea. The court entered a finding of guilt and sentenced defendant to 18 years in prison. Defendant did not file a post plea motion or an appeal.

---

[1] During the same plea hearing, defendant also pled guilty to one count of aggravated criminal sexual abuse in a different case with a different trial court number. Defendant's postconviction petition only references the instant case.

¶ 9    On July 8, 2021, defendant filed a *pro se* postconviction petition, asserting that he "[did not] commit the crime [he] was convicted of and did not fully understand the proceedings that were taking place." Defendant asserted that he only spoke Spanish and was not fluent in English. There were no attachments to defendant's petition. Defendant also moved for appointment of counsel to "help [him] [a]mend [his] Post-Conviction Petition claiming actual innocence."

¶ 10    On August 20, 2021, the court granted defendant's motion and appointed postconviction counsel. The court also docketed defendant's petition for second-stage proceedings.

¶ 11    At a hearing on defendant's petition, postconviction counsel informed the court that he sent letters that were translated into Spanish to defendant and was not receiving an "adequate response," so counsel would have to "set up a phone call" with defendant. Counsel also asserted that he asked defendant about "witnesses and different information," but defendant "basically [j]ust state[d] the same thing he state[d] in his [postconviction petition]."

¶ 12    On August 26, 2022, the State filed a motion to dismiss defendant's postconviction petition, contending that defendant's petition was untimely, and his claim of actual innocence did not merit a third-stage hearing.

¶ 13    On September 2, 2022, postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), asserting that he "consulted with [defendant] *** by phone, mail, electronic means or in person to ascertain his contentions of deprivation of constitutional rights," "examined the record of proceedings at the guilty plea, including the common law record, report of proceedings and any exhibits in possession of the Clerk of the Circuit Court," and "[had] not made any amendments to the petitions filed [*pro se*]." Counsel

further asserted that no amendments were "necessary for an adequate presentation of [defendant's] contentions."

¶ 14    At the hearing on the State's motion to dismiss, the State argued that defendant's petition was untimely, but the court should dismiss on the merits since defendant did not provide any affidavits to support his claim of actual innocence. Defense counsel informed the court that he "consulted" with defendant by letter and phone and had "nothing to add" to defendant's petition. Defendant was not present.

¶ 15    In granting the State's motion, the court found that defendant's petition was "quite untimely," noting that it was "way past the time frame to file this petition, as well as the claim of actual innocence at this stage in an untimely petition." The court granted the State's motion "based on untimeliness." Regarding defendant's actual innocence claim, the court noted that defendant "just merely" asserted actual innocence and had not submitted anything to support his claim.

¶ 16                                  **ANALYSIS**

¶ 17    On appeal, defendant contends that he received unreasonable assistance from postconviction counsel when counsel did not amend defendant's *pro se* petition to state a non-frivolous actual innocence claim, or in the alternative, move to withdraw as counsel.

¶ 18    The Act allows a criminal defendant to challenge a conviction for violations of federal or state constitutional rights, or both. *People v. Jean*, 2024 IL App (1st) 220807, ¶ 28. A postconviction proceeding occurs in three stages. *People v. Knapp*, 2020 IL 124992, ¶ 43. The circuit court here dismissed defendant's petition at the second stage.

¶ 19    At the second stage, counsel is appointed to represent an indigent defendant and may amend the petition if necessary, and the State may file responsive pleadings. *People v. Cotto*, 2016

IL 119006, ¶ 27. During second-stage proceedings, the defendant is entitled to a "reasonable" level of assistance from postconviction counsel. see *People v. Urzua*, 2023 IL 127789, ¶ 56. The reasonable level of assistance standard is "significantly lower than the one mandated at trial by our state and federal constitutions," see *People v. Custer*, 2019 IL 123339, ¶ 30.

¶ 20    To ensure the reasonable assistance standard is met, Rule 651(c) imposes three duties on postconviction counsel. *People v. Huff*, 2024 IL 128492, ¶ 22. Postconviction counsel must (1) consult with the defendant to ascertain the contentions of deprivations of constitutional rights, (2) examine the record of the trial proceedings, and (3) make any "necessary" amendments to the *pro se* petition "for an adequate presentation of [the defendant's] contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). "This includes making amendments that are necessary to overcome procedural bars." *People v. Addison*, 2023 IL 127119, ¶ 21. "If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *People v. Greer*, 212 Ill. 2d 192, 205 (2004); see also *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 21 (stating "counsel's decision not to amend a defendant's *pro se* petition has been held not to constitute a deprivation of adequate representation where [the defendant's] claim lack[ed] a sufficient factual basis").

¶ 21    The purpose of Rule 651(c) is to "ensure that counsel shapes the [defendant's] claims into proper legal form and presents those claims to the court." *People v. Perkins*, 229 Ill. 2d 34, 43-44 (2007). A rebuttable presumption that reasonable assistance was provided is created upon postconviction counsel's filing of a Rule 651(c) certificate. *Custer*, 2019 IL 123339, ¶ 32. The defendant bears the burden to overcome this presumption by demonstrating that counsel failed to "substantially comply with the duties mandated by Rule 651(c)." *People v. Profit*, 2012 IL App

(1st) 101307, ¶ 19. We review *de novo* both the dismissal of a postconviction petition at the second stage and counsel's compliance with Rule 651(c). *Id.* ¶ 17.

¶ 22     Defendant's *pro se* postconviction petition alleged actual innocence. To state a claim of actual innocence, a defendant must identify evidence that is "(1) newly discovered, (2) not discoverable earlier through the exercise of due diligence, (3) material and not merely cumulative, and (4) of such conclusive character that it would probably change the result on retrial." *People v. Sanders*, 2016 IL 118123, ¶ 24. Defendant's postconviction petition only alleged that he "[did not] commit the crime [he] was convicted of" and did not present any additional evidence.

¶ 23     Counsel's Rule 651(c) certificate established that he communicated with defendant regarding defendant's contentions of deprivation of constitutional rights, reviewed the report of proceedings, common law record, and exhibits, and determined no amendments were "necessary" to defendant's *pro se* postconviction petition for an adequate presentation of defendant's contentions. Counsel's certificate substantially complied with the requirements delineated in Rule 651(c) and comported with counsel's earlier assertion to the court that counsel had asked defendant about "witnesses and different information," but defendant "basically [j]ust state[d] the same thing he state[d] in his [postconviction petition]." Accordingly, we presume that postconviction counsel provided reasonable assistance (*Custer*, 2019 IL 123339, ¶ 32), and defendant bears the burden to rebut this presumption (*Profit*, 2012 IL App (1st) 101307, ¶ 19).

¶ 24     Defendant contends that counsel was unreasonable for failing to amend the *pro se* petition to state a nonfrivolous claim of actual innocence. Defendant asserts that postconviction counsel could have amended the petition, at minimum, by arguing that claims of actual innocence are not time barred and attaching an affidavit from defendant.

¶ 25    As defendant notes, the circuit court erred in stating that his actual innocence claim was time barred. See 725 ILCS 5/122-1(c) (West 2022) (stating time limitation on filing a postconviction petition "does not apply to a petition advancing a claim of actual innocence"). The circuit court also determined, however, that defendant's actual innocence claim failed on the merits. Here, defendant identifies nothing in the record that suggests counsel could have amended the petition to defeat that conclusion. To the contrary, the record shows postconviction counsel informed the court that he consulted with the defendant by letter and by phone with the help of a Spanish interpreter. When he asked defendant for witnesses or other information, counsel stated the defendant only repeated what he claimed in his *pro se* petition. Defendant does not specify what amendments counsel should have made or what defendant would have averred. These conclusory allegations do not rebut counsel's Rule 651(c) certificate, and we must presume that after consultation with defendant, counsel had no evidence to add to the *pro se* petition.

¶ 26    In *Addison*, our supreme court emphasized that where postconviction counsel does not adequately complete the duties mandated by Rule 651(c), the limited right to counsel conferred by the Act cannot be fully realized. *Addison*, 2023 IL 127119, ¶ 33. Rule 651(c) requires postconviction counsel to make any necessary amendments to defendant's *pro se* petition, but postconviction counsel is not required to amend the petition. *People v. Rials*, 345 Ill. App. 3d 636, 641 (2003); see also *Perkins*, 229 Ill. 2d at 52 (noting "nothing in the record on appeal contradicts counsel's certificate asserting that there were no amendments necessary for adequate presentation of petitioner's claims"). In addition, postconviction counsel is not required to engage in a fishing expedition to find evidence outside of the record that might support the defendant's claims. *People v. Turner,* 2023 IL App (1st) 191503, ¶ 43. Accordingly, in view of counsel's Rule 651(c)

certificate and the record on appeal, defendant fails to rebut the presumption that counsel provided reasonable assistance.

¶ 27    Defendant's alternative argument that counsel should have withdrawn if counsel believed no amendments could make the actual innocence claim nonfrivolous also lacks merit.

¶ 28    Our supreme court has held that postconviction counsel cannot ethically represent a defendant when counsel knows the defendant's claims to be frivolous or patently without merit. *Greer*, 212 Ill. 2d at 206. The court, however, has also explained that postconviction counsel "has no duty to withdraw" when defendant's "*pro se* petition posits a weak legal claim but the claim is presented in the best possible legal form and there is no indication that counsel knew the claim was frivolous[.]" *Huff*, 2024 IL 128492, ¶ 30.

¶ 29    Defendant argues that his *pro se* petition was frivolous as written and that postconviction counsel "indicated that he thought the petition was frivolous" when counsel informed the court that he consulted with defendant to obtain supporting information for the claim of actual innocence and defendant merely reiterated the claim in his *pro se* petition. We disagree because postconviction counsel's unsuccessful attempt to obtain supporting information for defendant's actual innocence claim does not establish that counsel knew the claim was frivolous. Rather, it shows that counsel complied with Rule 651(c)'s requirement to consult with defendant, ascertain his contentions, and determine whether any amendment was necessary to adequately present defendant's position. Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *Jean*, 2024 IL App (1st) 220807, ¶ 29 (stating "Postconviction counsel need only investigate and properly present the defendant's claims."). Accordingly, counsel had no duty to withdraw where the record does not show that he knew defendant's claim of actual innocence was frivolous. *Huff*, 2024 IL 128492, ¶ 30.

¶ 30                                    **CONCLUSION**

¶ 31     We find that defendant has failed to overcome the presumption that counsel provided reasonable assistance during second-stage proceedings.

¶ 32     The judgment of the circuit court of Cook County is affirmed.

¶ 33     Affirmed.