2025 IL App (1st) 240748-U
No. 1-24-0748
Order filed November 26, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 04770 01 |
| | ) | |
| JOSHUA KASZUBA, | ) | The Honorable |
| | ) | Ursula Walowski, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Justices Pucinski and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*: Reversed and remanded. Postconviction counsel did not substantially comply with Illinois Supreme Court Rule 651(c) because counsel failed to develop the petitioner's allegation of a *Miranda* violation.

¶ 2    Joshua Kaszuba contends postconviction counsel provided unreasonable assistance by (i) failing to amend his petition to include his *Miranda* violation allegation and (ii) neglecting to raise a proportionate penalties claim, despite knowing relevant precedent. We agree that counsel's omission of the *Miranda* allegation fell below the standard of reasonable assistance. But counsel

was not required to assert a claim not included in the *pro se* petition. Accordingly, we reverse and remand for second-stage proceedings.

¶ 3                                Background

¶ 4      Kaszuba petitioned for postconviction relief and advanced to the second stage of proceedings. A jury had convicted him of first-degree murder (720 ILCS 5/9-1(a)(1) (2004)) for the shooting death of Eric Cocchia. The trial court imposed the minimum term of 20 years in prison, plus a mandatory 25-year enhancement for personally discharging a firearm that proximately caused Cocchia's death (730 ILCS 5/5-8-1(a)(1)(d)(iii) (2004)). We recount only those facts necessary to resolve this appeal.

¶ 5                                  Trial

¶ 6      Detective Raymond Schalk testified that after Kaszuba's arrest, Schalk advised Kaszuba of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1996). Kaszuba agreed to speak around 4:10 p.m. and denied involvement in Cocchia's shooting. He repeated his denial around 10:30 p.m. The next morning, investigators re-*Mirandized* Kaszuba and videotaped his statement to Schalk and Assistant State's Attorney Mike Wirtz. Kaszuba said he and his friend, Mikey Pack, had decided to rob Cocchia. Kaszuba held the gun first, asked Cocchia what he had on him, then passed the gun to Pack and searched Cocchia, taking marijuana. As Kaszuba began to walk away, Cocchia attempted to flee, and Pack shot him.

¶ 7      Before trial, Kaszuba moved to suppress his statements, claiming they were involuntary because he was under the influence of cocaine. The motion also alleged that "between the time of the defendant's arrest until his written statement (some 40 hours), the defendant adamantly refused to make any statement to the police." During the hearing, Kaszuba testified, "I did tell them I

wanted to speak to a lawyer, too. Instead[,] they brought me a State's Attorney." The court denied the motion, finding the intoxication claim uncorroborated. Neither the court nor Kaszuba's counsel addressed his assertion that his request for counsel had been ignored.

¶ 8    At trial, Assistant State's Attorney Wirtz testified that he told Kaszuba that he was an Assistant State's Attorney, a lawyer, and a prosecutor, but not Kaszuba's lawyer.

¶ 9    The jury found Kaszuba guilty of first-degree murder, with additional findings that he discharged a firearm proximately causing death. The trial court imposed the minimum 20 years' imprisonment plus the mandatory 25-year firearm enhancement.

¶ 10                                Direct Appeal

¶ 11    On direct appeal, Kaszuba argued that the State failed to prove beyond a reasonable doubt that he discharged a firearm proximately causing death and, as a result, the sentence erroneously applied the 25-year enhancement. We affirmed, holding that the evidence was sufficient to sustain the enhancement. *People v. Kaszuba*, 375 Ill. App. 3d 262 (2007).

¶ 12                          Postconviction Proceedings

¶ 13    In June 2008, Kaszuba filed a *pro se* petition for relief under the Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et. seq* (2008). He claimed that trial counsel was ineffective for failing to obtain a toxicology report corroborating his assertion that he was under the influence of cocaine when he gave his inculpatory statement. He also alleged that appellate counsel was ineffective for not challenging trial counsel's failure to move to suppress an allegedly suggestive line-up that led to his in-court identification. Finally, he raised the firearm enhancement's constitutionality on one-act, one-crime or lesser-included-offense grounds.

¶ 14    After the dismissal of the petition, Kaszuba appealed. He argued that his petition sufficiently alleged his trial counsel's ineffectiveness for (i) failing to obtain the toxicology report and (ii) neglecting to challenge the suggestiveness of the line-up identification. We held that the petition should advance to second-stage proceedings on the toxicology report, without addressing his other claims. *People v. Kaszuba*, No. 1-08-2260 (2010) (unpublished order under Illinois Supreme Court Rule 23). Thereafter, appointed postconviction counsel filed an amended petition.

¶ 15    On June 7 and 19, 2017, Kaszuba prepared affidavits to accompany his 2008 petition. Kaszuba alleged in his June 19 affidavit that "during my police inter[ro]gation I requested a lawyer, for over 40 hours I remained silent and demanded counsel, I did this about 10 times every[ ]time they came in to question me I'd say, where's my lawyer[?]"

¶ 16    Postconviction counsel filed a second amended petition, raising four new claims. The petition included Kaszuba's June 19 affidavit but omitted the claim concerning his unaddressed demand for a lawyer.

¶ 17    Postconviction counsel submitted a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The certificate stated counsel consulted with Kaszuba by phone and mail to ascertain his allegations, examined "the court docket, the discovery and pleadings provided by the state and the report of the proceedings for his trial and sentencing," and provided the necessary claims and materials to support Kaszuba's contentions. But the certificate did not mention her review of the line-up photos or address the *Miranda* violation, despite the June 19 affidavit.

¶ 18    The State moved to dismiss. The court granted the motion, finding in part that Kaszuba did not demonstrate that a motion to suppress the identification would have succeeded, and, thus, he did not show that his trial and appellate counsel were ineffective for failing to file the motion.

¶ 19    Kaszuba appealed the dismissal, asserting that postconviction counsel had unreasonably failed to review a line-up photo, amend the petition to present a *Miranda* violation claim, and raise the proportionate penalties claim. This court again reversed and remanded, finding that postconviction counsel provided unreasonable assistance by failing to examine the line-up photo relevant to one of his claims. *People v. Kaszuba*, 2021 IL App (1st) 181341-U. We did not discuss Kaszuba's other claims or allegations. *Id*.

¶ 20    On remand, the appointed counsel supplemented the record with photos of the line-up shown to the witnesses who identified Kaszuba. Counsel also filed a Rule 651(c) certificate averring that "no additional amendments are required beyond supplementing the petitions with the line-up photos." The certificate did not mention the *Miranda* violation alleged in the June 19, 2017, affidavit, nor a proportionate penalties claim. The State moved to dismiss the petition without referencing Kaszuba's allegations of a *Miranda* violation or the proportionate penalties claim.

¶ 21    The circuit court granted the State's motion to dismiss.

¶ 22                                  Analysis

¶ 23    Kaszuba contends that postconviction counsel failed to present the *Miranda* violation alleged in the June 19, 2017 affidavit, and the proportionate penalties claim. He argues that these failures deprived him of the reasonable assistance guaranteed by Illinois Supreme Court Rule 651(c). Kaszuba's claims involve legal matters, which we review *de novo*. *People v. Collins,* 2021 IL App (1st) 170597, ¶ 31.

¶ 24                          Reasonable Assistance

¶ 25    Despite this court remanding to second-stage proceedings twice, Kaszuba asserts that he still has not received reasonable assistance with his postconviction proceedings. The Post-

Conviction Hearing Act provides criminal defendant with an opportunity to raise a collateral challenge to their conviction, sentence, or both based on a substantial violation of their federal or state constitutional rights. *People v. Edwards*, 2012 IL 111711, ¶ 21. While no constitutional right exists to counsel during postconviction proceedings, the Act and the Illinois Supreme Court Rules work together to guarantee counsel provides "reasonable assistance." *People v. Owens*, 139 Ill. 2d 351, 361 (1990).

¶ 26 To ensure reasonable assistance, postconviction counsel must: (i) consult with the defendant to ascertain their claims, (ii) examine the trial record, and (iii) make necessary amendments to the *pro se* petition or an adequate presentation of the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 27 Postconviction counsel filed a Rule 651(c) certificate with both the August 2, 2017, and February 24, 2023, amended postconviction petitions. Each attested that counsel had consulted with Kaszuba via mail and phone "to ascertain his contentions of deprivation of constitutional rights," counsel examined the docket, the common law record, and report of proceedings, and "provided such claims and materials as are necessary for an adequate presentation of" Kaszuba's contentions. In the February 24, 2023, certificate, counsel concluded "that the previously filed post-conviction petitions adequately state the claims, and no additional amendments are required beyond supplementing the petitions with the line-up photos."

¶ 28 While filing a Rule 651(c) certificate is insufficient alone to meet counsel's Rule 651(c) duties, the certificate creates a rebuttable presumption that counsel provided the reasonable level of assistance, absent an affirmative showing otherwise in the record. *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 33. The petitioner bears the burden of overcoming this presumption by

demonstrating that counsel did not substantially comply with the rule. *People v. Addison*, 2023 IL 127119, ¶ 21.

¶ 29                                    *Miranda* Violation

¶ 30    Kaszuba contends postconviction counsel provided unreasonable assistance in violation of Rule 561(c) by failing to shape the facts establishing an alleged Miranda violation into a cognizable claim. Individuals in custody for interrogation are entitled to receive specific warnings about their constitutional rights. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). When a detained individual requests counsel, all interrogations must immediately "cease until an attorney is present." *Edwards v. Arizona*, 451 U.S. 477, 485 (1981). After the request, law enforcement cannot reinitiate contact without an attorney present. *People v. Woolley*, 178 Ill. 2d 175, 197-98 (1997). If the individual is interrogated without counsel, all statements made during that time will be suppressed. *Woolley*, 178 Ill. 2d at 198.

¶ 31    In his June 19, 2017, affidavit, Kaszuba expanded on the statement he made at the February 10, 2005, suppression hearing. But trial counsel did not move to suppress on that basis, and the trial court did not address the issue in its order denying the motion to suppress.

¶ 32    Rule 651(c) mandates postconviction counsel to examine the affidavit and the transcripts of the pre-trial proceedings and amend the petition as necessary to present the petitioner's allegations adequately. Consistent with these requirements, postconviction counsel's August 2, 2017, certificate attested that counsel "examined the court docket, the discovery and pleadings provided by the state and the report of the proceedings for his trial and sentencing," and "provided such claims and materials as are necessary for an adequate presentation" of Kaszuba's contentions.

¶ 33    But the record demonstrates that postconviction counsel did not develop the alleged *Miranda* violation into a cognizable claim. Again, postconviction counsel attached the June 19 affidavit as an exhibit to the second amended postconviction petition but did nothing more.

¶ 34    In their February 24, 2023, certificate, postconviction counsel further concluded "that the previously filed post-conviction petitions adequately state the claims, and no additional amendments are required beyond supplementing the petitions with the line-up photos." Yet nothing explains the absence of the alleged *Miranda* violation claim. Substantial compliance with Rule 651(c) would involve developing the alleged *Miranda* violation into a cognizable claim.

¶ 35    In reaching this conclusion, we reject the State's contention that Kaszuba's affidavit fails to support his allegation. The Post-Conviction Hearing Act provides that "affidavits, records, or other evidence" shall be attached to the postconviction petition. 725 ILCS 5/122-2 (2008). Kaszuba stated in his affidavit that he had requested a lawyer while detained for 40 hours, specifying that he had done so about 10 times. These allegations belie the State's assertion that "nothing in the record" supports that a *Miranda* violation occurred. If proven true, they suggest a substantial constitutional violation that could justify reversal. See *Edwards*, 451 U.S. at 484 (reversing where police did not honor invocation of right to counsel during custodial interrogation); see *People v. Evans*, 125 Ill. 2d 50, 74 (1988) ("There is no question that when a defendant invokes his right to counsel all further interrogation must cease.").

¶ 36    Similarly, we reject the State's contention that Kaszuba's affidavit is not supporting evidence because it is "self-serving." To state the obvious, the Act requires attachment of affidavits and other evidence "supporting" the petitioner's allegations. 725 ILCS 5/122-2 (2008). So an affidavit is not deemed "inherently incredible" on the basis that someone with a personal interest

in the outcome submits it. *People v. Chambers*, 2016 IL 117911, ¶ 83 (finding that because a defendant is unlikely to submit an affidavit undermining their position, "the mere fact that an affidavit serves the defendant's interests does not render it inherently incredible."). Moreover, the credibility of the affidavit should be evaluated at a third-stage evidentiary hearing. *People v. Rouse*, 2022 IL App (1st) 210761, ¶ 58 ("[D]escribing an affidavit as 'self-serving' is a credibility determination, which is reserved for third-stage review."). Here, Kaszuba's affidavit has not yet received a credibility determination because he has not received reasonable assistance in formulating the allegation within his amended postconviction petition.

¶ 37 Postconviction counsel failed to present the alleged *Miranda* violation adequately. Therefore, he has overcome the presumption of substantial compliance created by the Rule 651(c) certificate. Consequently, Kaszuba did not receive a reasonable level of assistance.

¶ 38 Proportionate Penalties Claim

¶ 39 Kaszuba argues that postconviction counsel rendered his assistance unreasonable by alluding to but failing to develop a potentially meritorious argument that the 25-year firearm add-on violated the Illinois Constitution's proportionate penalties clause.

¶ 40 The record shows postconviction counsel recast Kaszuba's *pro se* claim into a claim challenging his sentence as a double enhancement. In doing so, postconviction counsel miscited a paragraph of *People v. Harris*, 2016 IL App (1st) 141744. The error was immaterial. The State relied on *People v. Sharpe*, 2016 Ill. 2d 481 (2005), which held that a reviewing court may not overrule legislative intent to increase penalties, even if the result constitutes double enhancement.

¶ 41 Kaszuba now contends that postconviction counsel should have instead advanced a youth-based proportionate penalties claim. We disagree.

¶ 42    Neither Kaszuba's *pro se* postconviction petition nor the affidavits alleged a proportionate penalties violation. A petitioner is entitled to a "reasonable level" of assistance. *People v. Davis*, 156 Ill. 2d 149, 163 (1993) (finding that petitioners under the Act are "not entitled to the advocacy of counsel for purposes of exploration, investigation[,] and formulation of potential claims").

¶ 43    Although counsel may refine or supplement existing claims, "reasonable assistance" requires that counsel amend a *pro se* petition when necessary to present the petitioner's allegations adequately. *People v. Rials*, 345 Ill. App. 3d 636, 641 (1st Dist. 2003). Counsel need not "scour the record to ascertain any other potential errors and constitutional issues not implicated in the defendant's *pro se* petition." *Rials*, 345 Ill. App. 3d at 643.

¶ 44    Rule 651(c)'s purpose "is to ensure that counsel shapes *the petitioner's claims* into proper legal form and presents those claims to the court." (Emphasis added.) *People v. Perkins*, 229 Ill. 2d 34, 43-44 (2007). Expecting postconviction counsel to comb the record for evidence of Kaszuba's "less than mature age" to support a claim he never made would impose a burden that the law does not require of counsel. We reject Kaszuba's contention that "when the record shows counsel knew about new issues," counsel has a duty to raise those new issues in an amended petition. Kaszuba cites no caselaw in support of that contention, which appears to contradict supreme court caselaw.

¶ 45    Substantial compliance with Rule 651(c) means counsel must consult the petitioner, review the record to the extent necessary to shape the petitioner's claims, and make necessary amendments. Ill. S. Ct. R. 651(c). It does not require counsel to raise new issues that might appear meritorious. For this claim, Kaszuba offers nothing to overcome the presumption of compliance with Rule 651(c).

¶ 46                                    Remedy

¶ 47     We next consider the appropriate remedy to dispel any possibility of confusion.

¶ 48     In 2021, this court held that Kaszuba received unreasonable assistance from postconviction counsel on his trial-exhibit allegation. We declined to address "Kaszuba's additional claim that [counsel] failed to comply with the rule's requirements by not presenting a *Miranda* claim or proportionate penalties claim in the second amended petition." *People v. Kaszuba*, 2021 IL App (1st) 181341-U, ¶ 59. On remand, counsel attached the trial exhibit but certified that "the previously filed post-conviction petitions adequately state the claims, and no additional amendments are required beyond supplementing the petition with the line-up photos."

¶ 49     Our concern, as before, is not the potential merit of any single claim but the principle that reasonable assistance cannot be achieved where counsel fails to substantially comply with Rule 651(c) for even one claim. See *People v. Suarez*, 224 Ill. 2d 37, 51 (2007) (noting, "where postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized."). On remand, counsel must consult with Kaszuba, review the record, and make any amendments necessary for each claim Kaszuba seeks to raise. See *People v. Smith*, 2022 IL 126940, ¶ 25 ("Our case law does not treat Rule 651(c) as the exclusive mechanism for ensuring reasonable assistance.").

¶ 50     Accordingly, counsel should shape Kaszuba's nonfrivolous claims without limitation to the issues discussed in this decision. See *People v. Agee*, 2023 IL 128413, ¶ 44 ("[I]t would nullify Rule 651(c) if we found that postconviction counsel was not required to exercise reasonable care when amending a petition with a claim that counsel added after consulting with petitioner."). On remand, if counsel consults with Kaszuba and determines that raising a proportionate penalties

claim is proper on this record, then counsel should add that claim to the amended petition. See *Agee*, 2023 IL 128413, ¶ 46 ("Accordingly, we hold that postconviction counsel must provide reasonable assistance when counsel amends or when counsel adds claims to a pro se postconviction petition.").

¶ 51    Reversed and remanded with instructions.